**ALLIED ARTISTS PICTURES CORP. et al., Appellants,**

v.

**TRANSCONTINENTAL THEATRES, TEXAS, INC., Appellee.**

No. 5202.

Court of Civil Appeals of Texas, Eastland.

Nov. 2, 1978.

Rehearing Denied Nov. 30, 1978.

John L. Hauer and F. Bart Wulff, Akin, Gump, Hauer & Feld, Dallas, for appellants.

George G. Potts, Claude R. Wilson, Jr. and H. David Herndon, Golden, Potts, Boeckman & Wilson, Dallas, for appellee.

McCLOUD, Chief Justice.

The question presented is whether the venue provision of Article 179b, Tex.Rev. Civ.Stat.Ann., is permissive or mandatory.

Plaintiffs, Allied Artists Pictures Corp., American International Pictures, Inc., Avco Embassy Pictures Corp., Buena Vista Distribution Co., Inc., Columbia Pictures Industries, Inc., Paramount Pictures Corp., Twentieth Century-Fox Film Corp., United Artists Corp., Universal Film Exchanges, Inc., and Warner Bros. Distributing Corporation, sued defendant, Transcontinental Theaters, Texas, Inc., in Dallas County, alleging defendant owed plaintiffs certain sums pursuant to license agreements entered into by the parties in connection with the exhibiting of various films by defendant. Plaintiffs were distributors of certain motion picture films which were shown at defendant's theater in Harris County. Defendant filed a plea of privilege asserting that under Article 179b, Tex.Rev.Civ.Stat.Ann., venue of the suit was in Harris County. The trial court granted defendant's plea of privilege. Plaintiffs have appealed. We affirm.

The facts are undisputed. The suit involves motion picture film license agreements. The films were shown in Harris County, and defendant's principal office is in Harris County.

Article 179b provides:

Section 1. From and after the effective date of this Act, every contract or agreement relating to distribution of films or licensing of motion pictures or films which are shown in any theater in the State of Texas shall be construed in accordance with the laws of this State. Sec. 2. Venue of suits arising out of such license agreements *shall be* in the county where such film was licensed to be shown or in the county where the principal office of the exhibitor under such license agreement is located. Any provision of such agreement attempting to fix venue elsewhere shall be void. (Emphasis added)

Subdivision 30 of Article 1995, Tex.Rev.Civ. Stat.Ann., provides:

30. Special venue—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.

Plaintiff argues that the venue provision of Article 179b is merely permissive, and since they established venue under Subdivisions 5 and 23 of Article 1995, Tex.Rev.Civ. Stat.Ann., the order of the trial court should be reversed. We disagree. The venue provision of Article 179b is clearly mandatory. The statute provides that venue of suits arising out of license agreements "shall be" in the county where the film was licensed to be shown or in the county where the principal office of the exhibitor is located. The language is similar to that found in Section B of Article 7425b–24, which provides:

B. In cases where there be a single trustee, *the venue of such actions shall be* in the county of the residence of such trustee; . . . (Emphasis added)

The words "shall be" usually create a mandatory venue provision. *Bergfeld v. Campbell*, 367 S.W.2d 364 (Tex.Civ.App.— Texarkana 1963, no writ); *Cogdell v. Fort Worth National Bank*, 536 S.W.2d 257 (Tex. Civ.App.—Eastland 1976, writ dism'd); *Cogdell v. Fort Worth National Bank*, 537 S.W.2d 304 (Tex.Civ.App.—Fort Worth 1976, writ dism'd); *Cole v. Western Brick & Supply Company*, 364 S.W.2d 761 (Tex.Civ.

App.—Amarillo 1963, writ dism'd); *Henson v. Brown*, 524 S.W.2d 412 (Tex.Civ.App.—Austin 1975, no writ).

Article 179b is recognized in 1 McDonald, Texas Civil Practice § 4.11.1 (1965) as a special venue statute. The author states:

By legislation, one class of written contracts has been excluded from exception 5: contracts or agreements relating to the distribution of films or licensing of motion pictures or films which are shown in any theatre in the State. . . .

*Langdeau v. Burke Investment Company*, 163 Tex. 526, 358 S.W.2d 553 (1962), and *Mutual Fire & Automobile Ins. Co. v. Kirkman*, 231 S.W.2d 459 (Tex.Civ.App.—Eastland 1950, no writ) cited by plaintiffs are distinguishable. In each case, the venue provision under consideration was clearly permissive.

We hold that Sec. 2 of Article 179b is a special venue statute and the venue provision contained therein is mandatory.

Judgment of the trial court is affirmed.