**Joe T. PRESTON, Trustee, Relator,**

v.

**Honorable Morris L. OVERSTREET, Judge Assigned, County Court, Childress County, Respondent.**

No. 07–90–0266–CV.

Court of Appeals of Texas, Amarillo.

Oct. 19, 1990.

Joe T. Preston, Childress, relator.

Morris L. Overstreet, respondent pro se.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Relator, Joe T. Preston, brings this mandamus proceeding complaining of the transferring of this contested probate matter to the 100th District Court of Childress County, Texas. Relator argues that Section 5(b) of the Probate Code (Vernon Supp.1990) mandates the granting of his motion for assignment of a statutory probate judge. He requests mandamus be issued to compel the assignment of the cause to a probate judge. We find no merit in Relator's motion, and leave to file is denied.

Relator, Joe T. Preston, signifies that he is trustee of the Preston–Diggs Reserve Family Fund Trust which is the alleged remainder of the Dora Diggs' estate.[1] Relator filed a motion contesting the wrongful acquisition of estate property and a motion requesting assignment of a statutory probate judge to resolve the matter in the Childress County Court.

After being served as a party to Relator's motions, District Judge John T. Forbis filed a motion to transfer the contested matter to the district court. Judge Forbis recused himself as did Childress County Judge Dean Decker. Morris L. Overstreet, County Judge of Potter County, was assigned to hear the motions of Relator and Forbis. After a hearing was held, Judge Overstreet ordered that all contested matters relating to the estate be transferred to the District Court of Childress County. From this order, Relator seeks relief claiming that he is entitled, as a matter of law,

---

1. This court is once again asked to adjudicate matters relating to the distribution of the Dora Diggs' estate. See, *Matter of Estate of Dora Diggs,* Deceased, 733 S.W.2d 681 (Tex.App.—Amarillo 1987, denied); *Preston v. Preston,* No. 07–82–0387–CV, (Tex.App.—Amarillo 1984, writ ref'd n.r.e.); *Preston v. Preston,* 617 S.W.2d 841 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). The administration is in its eleventh (11th) year and is yet to be closed.

to the assignment of a statutory probate judge to hear the contested matters.

Pertinent to the determination of the issue presented is the construction of section 5(b) of the Probate Code. The applicable portion of the statute reads as follows:

In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations ... shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court, which may then hear [the] [*sic*] contested matter as if originally filed in the district court. Tex.Prob.Code Ann. section 5(b) (Vernon Supp.1990).

Relator argues that "shall" as used in the parenthetical of the statute is mandatory, and once a party files a motion requesting assignment of the contested matter to a statutory probate judge, the County Judge must appoint a statutory probate judge. However, even assuming arguendo Relator's position to have some merit in a case where only one party has made an assignment request, those are not the facts before this court.

In the instant case, the trial judge had two competing motions of the same dignity before him. Relator's motion requested assignment to a statutory probate judge, and Forbis' motion sought a transfer to the district court. The Legislature has not specifically provided for resolution of the problem presented when two motions are filed, as in this case. We see nothing in the statute which gives preference to the order in which the motions were filed.

Without specific guidance, the determination necessarily falls within the sound discretion of the trial judge. Since the Relator has failed to establish that the facts and the law permit only one decision to be made by the trial court under the circumstances of this case, *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985), mandamus of the trial court is not appropriate.

Consequently, Relator's motion for leave to file and petition for mandamus is hereby denied without further hearing pursuant to Tex.R.App.P. 120(d).