**In re Jane VORWERK, Relator.**

No. 03–99–00478–CV.

Court of Appeals of Texas, Austin.

Nov. 30, 1999.

Jane Vorwerk, Taylor, pro se.

Frank Summers, Cameron, for Respondent.

Douglass D. Hearne, Roger B. Williams, Hearne & Eppright, Austin, for Real Party in Interest.

Before Justices JONES, B.A. SMITH and YEAKEL.

LEE YEAKEL, Justice.

Section 5(b) of the Texas Probate Code provides that in contested probate matters a constitutional county court may request the appointment of a statutory probate judge or transfer the contested portion to district court. *See* Tex. Prob.Code Ann. § 5(b) (West Supp.1999). Section 5(b) further provides that the county court, if requested, shall transfer contested probate matters "according to the motion." *See id.* Relator filed the only motion seeking a transfer from county court and requested the appointment of a statutory probate judge. The county court transferred the matter to district court. We must determine if the language "according to the motion" eliminates the county court's discretion and mandates that the county court follow the movant's request for a particular tribunal.

## Background

Rose Matyastik, testator, died June 8, 1999. In her will, she named her son William Matyastik and her daughter Rose Snider to serve as executors of her estate. On June 15, 1999, William and Rose (real parties in interest) filed an Application for Probate of Will and Issuance of Letter Testamentary. On June 29, 1999, Jane Vorwerk (relator), another daughter of Ms. Matyastik, filed an Objection to Application and to Appointment of Applicants and Motion for Assignment of Statutory Probate Judge. The Milam County Court signed an Order of Transfer on June 29, 1999, transferring the cause to the 20th District Court of Milam County. Vorwerk seeks relief from the transfer order.

On August 13, 1999, after the transfer from county court, the district court signed an Order Declaring Jane Matyastik Vor-

werk a Vexatious Litigant and Requiring Security. On September 1, 1999, the district court signed an Order Admitting Will to Probate and Authorizing Letters Testamentary. Vorwerk filed petitions for writs of mandamus and notices of appeal challenging both district court orders, which are pending before this Court.[1]

### Discussion

Vorwerk contends the county court abused his discretion by transferring the contested probate matter to district court when she requested the appointment of a statutory probate judge. We agree.

Section 5(b) provides in pertinent part:

In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate and administrations shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion (*or shall on the motion of any party to the proceeding, according to the motion*) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court, which may then hear contested matter [sic] as if originally filed in district court.

Tex. Prob.Code Ann. § 5(b) (West 1999) (emphasis added).[2]

Under well-settled principles of statutory construction, we must presume that the legislature intended each word to have a purpose. *K.B. v. N.B.*, 811 S.W.2d 634, 637 (Tex.App.—San Antonio 1991, writ denied), *cert. denied*, 504 U.S. 918, 112 S.Ct. 1963, 118 L.Ed.2d 564 (1992) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981)). It is also a rule of statutory construction that every word, sentence, clause and phrase should be given effect. *University of Tex. v. Joki*, 735 S.W.2d 505, 508 (Tex.App.—Austin 1987, writ denied) (citing *Ex parte Pruitt*, 551 S.W.2d 706, 709 (Tex.1977)). Construction of a statute which would make a provision a useless appendage is not favored by law. *Carson v. Hudson*, 398 S.W.2d 321, 323 (Tex.Civ.App.—Austin 1966, no writ).

If the language of the statute is unambiguous, then the court must seek the legislative intent as found in the plain and common meaning of the words and terms used. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994); *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). Common words should be interpreted as they are commonly used. *Elgin Bank v. Travis County*, 906 S.W.2d 120, 121 (Tex.App.—Austin 1995, writ denied). Construction of a statute may not be done in isolation from the rest of the statute; the act must be considered as a whole and not by interpreting a single sentence or phrase. *Southwestern Bell Tel. Co. v. Public Util. Comm'n*, 888 S.W.2d 921, 926 (Tex.App.—Austin 1994, writ denied) (citing *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985)).

William and Rose contend that the county court has discretion, regardless of a party's motion, either to transfer the contested matter to district court or to request the appointment of a statutory pro-

---

**1.** The following are the related pending matters: *In re Jane Vorwerk*, 03–99–538–CV (petition for writ of mandamus challenging vexatious litigant order); *In re Jane Vorwerk*, 03–99–549–CV (petition for writ of mandamus challenging order admitting will to probate); *Vorwerk v. Matyastik & Snider*, 03–99–592–CV (appeal of vexatious litigant order); and *Vor-*werk v. Matyastik & Snider, 03–99–694–CV (appeal of order admitting will to probate).

**2.** Milam County does not have a statutory probate court, county court at law or other statutory court exercising probate jurisdiction. *See* Tex. Gov't Code Ann. §§ 25.1681–.1690; 26.266 (West 1988).

bate judge.[3] We disagree. If the legislature intended the county court to have discretion when transferring a contested probate matter, then the phrase "according to the motion" would be unnecessary. If that were the legislature's intent, the statute would simply have provided that the county court may (or shall on the motion of any party to the proceeding), request the appointment of a statutory probate judge or transfer to district court. Under this hypothetical statute, the county court would be required to transfer the contested matter if requested; however, it would retain discretion to either transfer the matter to district court or request the appointment of a statutory probate judge.

We must presume that the legislature intended the phrase "according to the motion" to have a purpose and to be given effect. The phrase is unambiguous and must be given its common and ordinary meaning. We believe "according to the motion" means that the request in a party's motion is controlling and eliminates the county court's discretion when only one motion is filed. To interpret section 5(b) as allowing the county court to retain discretion when only one party requests a particular tribunal, would render the phrase "according to the motion" meaningless. An interpretation which ignores a phrase is not favored. *Carson*, 398 S.W.2d at 323.

Reviewing previous versions of the Probate Code's transfer provision supports our analysis. The transfer provision of section 5(b) first appeared in the 63rd Legislature's amendment of then section 5 which provided "in contested probate proceedings, the judge of the county court on his own motion, or the parties by agreement may transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court." Act of May 24, 1973, 63d Leg., R.S., ch. 610, § 1, 1973 Tex. Gen. Laws 1684, 1684 (Tex. Prob.Code Ann. § 5(b), since amended). This version allowed a transfer only if the parties agreed, or if the county court on its own motion transferred the contested proceeding. Without the agreement of all parties, however, the section did not direct that the county court transfer the contested matters.

The 64th Legislature amended the section to provide "in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court...." Act of May 29, 1975, 64th Leg., R.S., ch. 701, § 2, 1975 Tex. Gen. Laws 2195, 2195 (Tex. Prob.Code Ann. § 5(b), since amended). The result of the amendment was that a party's request to transfer contested matters to district court removed the county court's discretion and required the county court to transfer the contested matter to district court. *Lesley v. Lesley,* 664 S.W.2d 437, 439–40 (Tex.App.—Fort Worth 1984, no writ).

The 70th Legislature amended the phrase to provide "in contested probate matters, the judge of the county court may on his own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by

---

**3.** They rely on *Preston v. Overstreet,* 802 S.W.2d 734 (Tex.App.—Amarillo 1990, orig. proceeding) for their position that section 5(b) is discretionary. We note, however, that *Preston* does not address the circumstances here where only *one* motion is filed requesting a transfer from county court. Preston requested the appointment of a statutory probate judge and the district court judge, as a party to the proceeding, requested a transfer to district court. An assigned constitutional county court judge granted the request for the contested matters to be transferred to district court. *Id.* at 734–35. Preston sought mandamus relief contending that "shall" in the parenthetical in section 5(b) was mandatory. The court of appeals concluded that with *two* competing motions and without specific guidance or preference to the order in which the motions were filed, the decision is discretionary and denied leave to file the petition for mandamus. *Id.* at 735. The court suggested, however, that Preston's argument might have merit if only one party had made the request for transfer. *Id.*

Chapter 781, Acts of the 68th Legislature, Regular Session, 1983 (Article 1969b, Vernon's Texas Civil Statutes), the assignment of a statutory probate judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court. . . ." Act of May 26, 1987, 70th Leg., R.S., ch. 459, § 4, 1987 Tex. Gen. Laws 2043, 2044–45 (Tex. Prob.Code Ann. § 5(b), since amended). The 1987 amendment demonstrates the legislature's intent to provide litigants with more than a procedure to have contested matters heard in a forum other than the county court, which does not require the judge to be a licensed attorney. *See* Tex. Const. art. V, § 15. The amendment also provides litigants with an opportunity to request *which* court, if only one motion is filed, will hear the contested matter.

█ We conclude, therefore, that if only one party requests a transfer from a constitutional county court under section 5(b), the county court is without discretion to ignore the party's request, and must transfer the contested matter "according to the motion." [4] Here, Vorwerk presented the county court with a motion requesting only the appointment of a statutory probate judge; but the county court transferred the contested matters to district court. We hold that the county court abused his discretion by ignoring the only request on file. In addition, Vorwerk does not have an adequate remedy by appeal. *See Forlano v. Joyner*, 906 S.W.2d 118, 120 (Tex. App.—Houston [1st Dist.] 1995, no writ) (transfer order that did not resolve any

claim, was neither severable nor appealable).

## Conclusion

Accordingly, we conditionally grant the writ of mandamus with instructions to the county court to vacate his June 29, 1999 order and request the appointment of a statutory probate judge as provided in Texas Probate Code section 5(b). We are confident that the county court will vacate his June 29, 1999 order in accordance with this opinion, and the writ will only issue if he fails to do so. We overrule Vorwerk's motion for emergency relief.

In light of our disposition of the petition for mandamus challenging the transfer order, we set aside all orders of the district court including the order declaring Jane Vorwerk a vexatious litigant and requiring security, dated August 13, 1999, and the order admitting the will to probate and authorizing letters testamentary, dated September 1, 1999.

█

---

4. We note that the 76th Legislature again amended section 5(b). The amendment was effective August 30, 1999, *after* Vorwerk filed her request for the appointment of a statutory probate judge, and provides "[i]f the judge of the county court has not transferred a contested probate matter to the district court at the time a party files a motion for assignment of a statutory probate court judge, the county judge shall grant the motion and may not transfer the matter to district court unless the party withdraws the motion." Act of May 28, 1999, 76th Leg., R.S., ch. 1389, § 1, 1999 Tex. Gen. Laws 4695, 4695 (to be codified at Tex. Prob.Code Ann. § 5(b)). The amendment does not directly apply to the case before us. However, we construe the amendment as a further restriction on the county court's discretion to transfer a contested probate matter and an indication of the legislature's intention that a party's motion for appointment of a statutory probate judge must be granted by the county court in most instances. We express no opinion concerning whether, under the 1999 amendment, the county court retains the discretion to transfer the matter to district court if there are competing motions.