In re TEXAS WINDSTORM IN-
SURANCE ASSOCIATION.

No. 09–03–276 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 12, 2003.

Decided Oct. 30, 2003.

Peter R. Meeker, Michael S. Wilson, Davis & Wilkerson, P.C., Austin, for relator.

Leo John Jordan, Jennifer Kenchel, Cozen and O'Connor, P.C., Dallas, Tom Kiehnhoff, Reaud, Morgan & Quinn, LLP, Beaumont, for real parties in interest.

Before McKEITHEN, C.J., BURGESS and DAVID B. GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

After the Texas Windstorm Insurance Association denied Joe D. Malley's water and mold claim on his Galveston County beach house, he sued the Association and his homeowner's insurance carriers, Ev- anston Insurance Company and Markel American Insurance Company, in Jefferson County, Malley's county of residence. The Association moved to transfer venue from Jefferson County to Travis County under the venue provision contained in the statute governing the legislatively-created Association. *See* TEX. INS.CODE ANN. art. 21.49 (Vernon Supp.2003). The trial court denied the motion, and the Association filed this petition for writ of mandamus asserting the venue provision is mandatory. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.016 (Vernon 2002)("An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute."). *See also* TEX. CIV. PRAC. & REM.CODE ANN. § 15.0642 (Vernon 2002) ("A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter.").

Malley contends Article 21.49 is not a mandatory venue provision. He also argues that, even if it is, Section 15.005 of the Texas Civil Practice and Remedies Code operates to defeat mandatory statutory venue when the plaintiff establishes permissive venue as to another defendant. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.005 (Vernon 2002). The section he cites, Section 15.005, provides:

> In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

Malley contends the two other defendants in the action, Evanston and Markel, are subject to suit in Jefferson County, the plaintiff's county of residence, under the general venue statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a) (Vernon 2002). Therefore, he reasons, Section 15.005 creates venue in Jefferson County

for the claim against the Association. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.005 (Vernon 2002).

■ Texas Windstorm Insurance Association is composed of insurance companies required by statute to join the Association as a condition of their authority to transact business in Texas. *See* TEX. INS.CODE ANN. art. 21.49, § 4 (Vernon Supp.2003). The statute creating and governing the Association, and governing claims made against the Association, was intended to make windstorm insurance available in designated portions of Texas where the risk of hurricane is great. *See Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condominium Ass'n,* 706 S.W.2d 644, 645 (Tex.1986). Where a cause of action and the remedy for its enforcement are derived from a statute, as here, the statutory provisions are mandatory and must be complied with in all respects, or the action is not maintainable. *See Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926)[1]; *Rowden v. Texas Catastrophe Property Ins. Ass'n,* 677 S.W.2d 83, 87 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.).

■ Article 21.49 of the Texas Insurance Code establishes the Association's organization and operations, and also provides a mechanism through which an aggrieved person may appeal a decision of the Association or file a suit to resolve a dispute related to the payment or denial of a claim by the Association. *See* TEX. INS.CODE ANN. art. 21.49 (Vernon Supp. 2003). Section 9A of Article 21.49 provides:

(a) Except as provided by Section 10 of this Article, [Immunity from Liability], any person insured under this Act who is aggrieved by an act, ruling, or decision of the Association relating to the payment of, the amount of, or the denial of a claim may elect to bring an action, including an action under Article 21.21 of this code, [Unfair Competition and Unfair Practices], against the Association in a court of competent jurisdiction or to appeal the act, ruling, or decision under Section 9 of this Article [Appeals]. A person may not proceed under both Section 9 of this Article and this section for the same act, ruling, or decision.

(b) Except as otherwise provided by this subsection, venue in a proceeding action against the Association under this section, including an action under Article 21.21 of this code, is in the county in which the covered property is located or in a District Court of Travis County. Venue is only in the District Court of Travis County if the claimant joins the State Board of Insurance as a party to the action.

We first address Malley's statutory construction argument that subsection 9A(b) is not a mandatory venue provision. He argues that the addition in 1991—of the Section 9A remedy of filing suit against the Association—established mandatory venue only for suits in which the State Board of Insurance is a party.

■ The primary objective of statutory construction is to determine and give effect to the intent of the Legislature. *National Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000); *see* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998). Unambiguous statutory language is interpreted according to its plain meaning. *More-*

---

**1.** The Supreme Court overruled *Mingus v. Wadley* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000). Failure to comply with a statutory requirement affects the plaintiff's right to relief rather than the trial court's subject matter jurisdiction. *Id.* at 76–77.

*no v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990). Courts presume the Legislature intended each word contained in a statute to have a purpose. *In re Vorwerk*, 6 S.W.3d 781, 783 (Tex.App.-Austin 1999, orig. proceeding). The words in question cannot be viewed in isolation; the statute is to be considered as a whole. *Id.*

Prior to the amendment of Article 21.49 in 1991, the Travis County venue provision was held to be mandatory. *Texas Catastrophe Property Ins. Ass'n v. Miller*, 625 S.W.2d 343, 347 (Tex.Civ.App.-Houston [14th Dist.] 1981, writ dism'd w.o.j.).[2] Malley contends that in its current form, however, Section 9A of Article 21.49 describes permissive venue. The current statute, he argues, lacks words of mandatory meaning such as "shall" or "must," and the only mandatory language addresses instances in which the State Board of Insurance is joined as a party to the action. We disagree. The Legislature added "the county in which the property is located" to the Travis County venue provision, but there is no indication the Legislature intended to change the mandatory nature of the provision.

In *Wichita County, Tex. v. Hart*, 917 S.W.2d 779, 781 (Tex.1996), the Court construed a statute that provided "a public employee *may sue* under this chapter in a district court of the county in which the employee resides or in a district court of Travis County." The Court reasoned that "the permissive term 'may' in the Whistleblower Act's venue provision, in light of its contemporaneous reorganization of the venue statute, strongly suggests that the Act's venue provision is permissive." *Hart*, 917 S.W.2d at 782. Section 9A, in contrast, separates the right to sue in subsection (a), which contains the permissive term "may," from the venue provisions in subsection (b). The language in subsection (b) of Article 21.49, Section 9A—"venue . . . is in"—articulates a mandatory venue provision.

■ Having determined that the statute under which the plaintiff filed his suit against the Association contains a mandatory venue provision, we must decide whether the mandatory venue provision controls over the permissive venue provision on which Malley relies. Malley reasons that, had the Legislature intended to provide that a mandatory venue provision as to any one defendant would control as to all defendants, the Legislature would have included mandatory venue language, similar to language found in Section 15.004, in Section 15.005. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 15.004–.005 (Vernon 2002). In effect, under this construction, Section 15.005 would be inconsistent with, and would control, Section 15.004. We decline to adopt this statutory construction.

The two sections are part of a single procedure for determining venue, were enacted simultaneously, and must be considered as a whole and in connection with other provisions in the general venue statute. As originally codified, Chapter 15 of the Civil Practice and Remedies Code addressed joinder of defendants and joinder of claims in a single section, which read:

Sec. 15.061. JOINDER OF DEFENDANTS OR CLAIMS.

When two or more parties are joined as defendants in the same action or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions

2. *Miller* also said the venue provision was "jurisdictional," but see our discussion of *Du-* *bai,* footnote 1, *infra.*

against all defendants unless one or more of the claims or causes of action is governed by one of the provisions of Subchapter B requiring transfer of the claim or cause of action, on proper objection, to the mandatory county.

Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 15.061, 1985 Tex. Gen. Laws 3249. In 1995, the Legislature repealed Section 15.061 and added Sections 15.004 and 15.005, which provide:

§ 15.004. Mandatory Venue Provisions Governs Multiple Claims.

In a suit in which a plaintiff properly joins two or more claims or causes of action arising from the same transaction, occurrence, or series of transactions or occurrences, and one of the claims or causes of action is governed by the mandatory venue provisions of Subchapter B [§§ 15.011–.020], the suit shall be brought in the county required by the mandatory venue provision.

§ 15.005. Multiple Defendants.

In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.004–.005 (Vernon 2002).

■ In construing a statute, we presume the entire statute is intended to be effective. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998). We also consider the common law or former statutory provisions, including laws on the same or similar subjects and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). Under the provisions of former section 15.061, venue attached because of the presence of proper venue against another defendant *unless* a mandatory venue provision required transfer to the mandatory county. Likewise,

under a plain reading of section 15.004, if a mandatory venue provision applies to any claim or cause of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. Were we to accept Malley's suggested construction, section 15.004 would apply only in cases in which there is a single defendant. But nothing in the section suggests this limitation. And Malley's construction would allow permissive venue under the general venue statute to defeat mandatory venue under another statute. The language in Section 9A of Article 21.49 does not suggest the Legislature intended the mandatory venue section for claims against the Association to be inapplicable when other defendants are joined. Section 15.016 of the general venue statute states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." TEX. CIV. PRAC. & REM.CODE ANN. § 15.016 (Vernon 2002). The mandatory venue provision in Section 9A of Article 21.49 of the Insurance Code governs venue of claims against the Association.

The trial court erred in denying the motion to transfer venue to Travis County. We conditionally grant the petition for writ of mandamus. We are confident the trial court will withdraw its previous order and transfer the case. Writ will issue only if the trial court below fails to comply with this decision.

WRIT CONDITIONALLY GRANTED.

BURGESS, J., dissented and filed opinion.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The majority holds Article 21.49, section 9A(b) is a mandatory venue statute. TEX. INS.CODE ANN. art. 21.49, § 9A(b) (Vernon Supp.2003). I disagree. In 1991, the Legislature amend-

ed the Catastrophe Property Insurance Pool Act (Act) by amending Section 9 and adding Section 9A (the new section includes the provision at issue in this case). Act of June 6, 1991, 72nd Leg., R.S., ch. 242, § 11.37, 1991 Tex. Gen. Laws 939, 1070.

In relevant part, prior to the 1991 amendments a party aggrieved by a decision under the Act had the following remedies:

> Sec. 9. Any person insured pursuant to this Act; or his duly authorized representative, or any affected insurer who may be aggrieved by an act, ruling or decision of the Association, may, within 30 days after such act, ruling or decision, appeal to the Board.... The Association, or the person aggrieved by any order or decision of the Board may thereafter appeal to the District Court of Travis County, Texas, *and not elsewhere*, in accordance with Article 1.04(f) of the Insurance Code of Texas. (emphasis supplied)

Act of April 29, 1971, 62nd Leg., R.S., ch. 100, 1971 Tex. Gen. Laws 843 (amended 1991) (current version at TEX. INS.CODE ANN. art. 21.49, § 9 (Vernon Supp.2003)).

Prior to the 1991 amendments, failure to bring an appeal in Travis County ("and not elsewhere") was a jurisdictional defect. *Rowden v. Tex. Catastrophe Property Ins. Ass'n,* 677 S.W.2d 83, 88 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.)("This statutory provision for place of trial is jurisdictional and not merely a permissive venue provision."); *Tex. Catastrophe Property Ins. Ass'n v. Miller,* 625 S.W.2d 343, 346 (Tex.App.-Houston [14th Dist.] 1981, writ dism'd)("This statutory provision for place of trial is jurisdictional.")

The 1991 amendments to Section 9 eliminated the language on which these earlier decisions were based:

> Sec. 9. Any person insured pursuant to this Act, or his duly authorized repre-

sentative, or any affected insurer who may be aggrieved by an act, ruling or decision of the Association, may, within 30 days after such act; ruling or decision appeal to the commissioner.... The Association, or the person aggrieved by any order or decision of the commissioner, *may thereafter appeal to either a District Court of Travis County, Texas, or a District Court in the county in which the covered property is located.* An action brought under this section is subject to the procedures established under Article 1.04(f) of this Civil Practice and Remedies Code. (emphasis supplied).

TEX. INS.CODE ANN. art. 21.49, § 9 (Vernon Supp.2003).

The 1991 amendments added Section 9A, subparagraph (b) of which is the venue provision at issue in this case. Section 9A gave policyholders the option of appealing an administrative decision of the Association or bringing an action on their coverage claims:

> Sec. 9A. (a) Except as provided by Section 10 of this Article, any person insured under this Act who is aggrieved by an act, ruling, or decision of the Association relating to the payment of, the amount of, or the denial of a claim *may elect to bring an action, including an action under Article 21.21 of this code, against the Association in a court of competent jurisdiction or to appeal the act, ruling, or decision under Section 9 of this Article.* A person may not proceed under both Section 9 of this Article and this section for the same act, ruling, or decision. (b) Except as otherwise provided by this subsection, venue in a proceeding action against the Association under this section, including an action under Article 21.21 of this code, *is in the county in which the covered property is located or in a District Court of*

*Travis County. Venue is only in the District Court of Travis County if the claimant joins the State Board of Insurance as a party to the action.* (emphasis supplied)

TEX. INS.CODE ANN. art. 21.49, § 9A(a)(b) (Vernon Supp.2003).

Mandatory venue provisions are strictly construed. *Maranatha Temple, Inc. v. Enter. Prod. Co.,* 833 S.W.2d 736, 739 (Tex. App.-Houston [1st Dist] 1992, writ denied). The words "shall be" in a venue statute are some evidence that the statute is mandatory. *Allied Artists Pictures Corp. v. Transcontinental Theatres, Texas, Inc.,* 573 S.W.2d 871, 872 (Tex.App.-Eastland 1978, writ dism'd). However, in other instances, use of the word "shall" is merely permissive. *Langdeau v. Burke Inv. Co.,* 163 Tex. 526, 358 S.W.2d 553, 554 (1962)(language in a venue statute that county in which delinquency proceedings are pending "shall have venue" creates a permissive venue statute); *Mutual Fire & Automobile Ins. Co. v. Kirkman,* 231 S.W.2d 459, 460 (Tex.App.-Eastland 1950, no writ)(language that "venue shall lie" in county where the cause of action arose is permissive and is not equivalent to command that action "must be brought" in a particular county).

The word "must" is given a mandatory meaning when followed by a noncompliance penalty. *Helena Chemical Co. v. Wilkins,* 47 S.W.3d 486, 493–94 (Tex.2001)(quoting *Harris County Appraisal Dist. v. Consolidated Capital Properties IV,* 795 S.W.2d 39, 41 (Tex. App.-Amarillo 1990, writ denied)). The words "shall" and "must" are notably absent from that part of Section 9A(b) that applies to actions against the TWIA. The only instance in which a mandatory word is used is when an action also names the State Board of Insurance as a party. TEX. INS.CODE ANN. art. 21.49 § 9A(b)("Venue is *only* in the District Court of Travis County

if the claimant joins the State Board of Insurance as a party to the action.").

When determining whether a statute is mandatory or permissive, a Court may look to other factors including: "the object sought to be obtained; the circumstances of the statute's enactment; the legislative history; the common law or former statutory provisions, including laws on the same or similar subjects; the consequences of a particular construction; administrative construction of the statute; and the title, preamble, and emergency provisions." *Helena Chemical,* 47 S.W.3d at 493. These additional tests do not advance the claim that Section 9A(b) is mandatory. The drafters of the Insurance Code surely knew how to create a mandatory venue provision. In addition to the requirement in section 9A(b) of article 21.49 that actions in which the State Board of Insurance is a party can "only" be brought in Travis County, there are other mandatory venue provisions elsewhere in the Texas Insurance Code. However, such mandatory provisions are not the rule and tend to apply in situations in which the State is involved either as a party or is playing an enforcement role.

A person alleging "economic damages as a result of another's engaging in unfair discrimination, as defined in Section 2 of this article may maintain an action against the person or persons engaging in such acts or practices in a district court in Travis County, Texas, *and not elsewhere.*" TEX. INS.CODE ANN. art. 21.21–8, § 3(a) (Vernon Supp.2003). Venue "shall" lie in the District Court of Travis County, Texas for administrative class actions to recover premium refunds. TEX. INS.CODE ANN. art. 21.21, § 14(b) (Vernon Supp.2003). Venue "shall" lie in Travis County for actions under Article 21.21 ("Unfair Competition and Unfair Practices") if the State Board

of Insurance is a party. TEX. INS.CODE ANN. art. 21.21, § 21 (Vernon 1981).

Private property insurers, like Evanston and Markel, have been subject to a *permissive* venue statute since 1983. Under that venue statute, venue is proper in the county in which the insured property is located. Act of June 17, 1983, 68th Leg. R.S., ch. 385, 1983 Tex. Gen. Laws 2119, 2120–23 (amended 1985, 1995)(current version at TEX. CIV. PRAC. & REM.CODE ANN. § 15.032 (Vernon 2002)). That venue rule is expressly defined as a permissive venue under Subchapter C of the venue statutes in the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE § 15.032; *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 682 n. 5 (Tex.App.-Austin 2003)(Section 15.032 is a "permissive venue scheme").

TWIA is nothing more than a property insurer created by statute. TEX. INS.CODE ANN. art. 21.49, § 1 (Vernon 1981)(Purpose of the Act is to "provide a method whereby adequate windstorm, hail and fire insurance may be obtained in certain designated portions of the State of Texas.") The members of the TWIA "consist of all property insurers authorized to transact property insurance in this State, except those companies that are prevented by law from writing coverages available through the pool on a Statewide basis." TEX. INS.CODE ANN. art. 21.49, § 4 (Vernon Supp.2003). Member insurers who write policies for residential property in a "first tier coastal county" are assessed a fee to pay for the inspection program required by the Act. TEX. INS.CODE ANN. art. 21.49, § 6B(a) (Vernon Supp.2003). Jefferson County is one of the first tier coastal counties. TEX. INS. CODE ANN. art. 21.49, § 3(7)(Vernon Supp. 2003).

The single requirement in Section 9A(b) in Article 21.49 of the Insurance Code that suits naming the State Board of Insurance can "only" be brought in Travis County mirrors the mandatory venue provision that applies to actions against the head of a department of the State of Texas. TEX. CIV. PRAC. & REM.CODE ANN. § 15.014 (Vernon 2002). TWIA was expressly not included in this mandatory language.

Section 9A of the Act was enacted after the 1983 permissive venue statute governing private property insurers. As relevant to this claim, the language in section 9A does not employ the language used to create mandatory venue in other parts of the Insurance Code and in that part of section 9A(b) that applies to actions in which the State Insurance Board is a party. The State Board of Insurance is not a party to this case. Section 9 of the Act was amended to remove language that had made filing in Travis County jurisdictional.

There is no legal reason for interpreting the venue provision found in section 9A(b) of the Act as it applies to TWIA any differently than the permissive venue provision in the Civil Practice and Remedies Code that applies to coverage actions against the private insurers that comprise its membership.

Next the majority holds that section 15.005 is somehow governed by the mandatory venue provisions set out in section 15.004. TEX. CIV. PRAC. & REM.CODE § 15.004–.005 (Vernon 2002). I also disagree. I can not express it any better than the trial judge [3]:

Section 15.005 Tex.Civ.Prac.Rem.Code provides that, where multiple defendants are sued and plaintiff establishes proper venue against a defendant, the venue is proper as to all defendants. Defendant argues, however, that the definition of proper venue [set forth in § 15.001(b) Tex.Civ.Prac.Rem.Code] is defined in

---

**3.** Letter dated April 1, 2003.

descending order as venue required by any mandatory provision or, in absence of such, permissive venue. Thus, movant seems to argue that, in order for there to be "proper venue" against a defendant (before Section 15.005 would be applicable), it must be mandatory venue if there is a mandatory provision applicable to any defendant.

Section 15.005, however, establishes that the "proper venue" should be against "a defendant" not exclusively a defendant that enjoys mandatory venue. In the instant case, there is no mandatory venue provision as to the other defendants and, thus, pursuant to Section 15.005(b) "proper venue" may be anywhere there is permissive venue as to those defendants. Significantly, the legislature has specifically stated in instances where the plaintiff joins multiple claims or causes of action, if one of those claims or causes of action is subject to a mandatory venue provision, the suit must be brought in the county required by the mandatory venue provision. *See;* Section 15.004 Tex.Civ.Prac.Rem.Code. Conversely, the legislature did not place any such restriction in 15.005 as it pertains to multiple defendants (versus multiple claims). Had the legislature sought to mandate that the mandatory venue provision as to any one defendant would control as to all defendants, it could have put a similar provision in Section 15.005.

I would deny the mandamus; since the majority holds otherwise, I respectfully dissent.

