11th Court of Appeals
Eastland, Texas
Opinion
 
In re Bob Marshall Denison
            No. 11-04-00176-CV -- Original Mandamus Proceeding
 
            This is an original mandamus proceeding concerning the failure of the county court to assign
a statutory probate court judge to hear certain proceedings regarding the probate of the Estate of Ida
Baldwin Denison, deceased. Relator, Bob Marshall Denison, filed a petition for an accounting under
TEX. PROB. CODE ANN. § 149A (Vernon 2003). Relator also filed a motion seeking the
assignment of a statutory probate court judge to hear both the motion for assignment and the petition
for accounting. The county court denied relator’s motion for assignment, and relator brought this
mandamus proceeding to compel the county court to appoint a statutory probate court judge to hear
these matters. We deny relator’s petition for a writ of mandamus. 
             Mandamus is an extraordinary remedy available “only in situations involving manifest and
urgent necessity and not for grievances that may be addressed by other remedies.” Walker v. Packer,
827 S.W.2d 833, 840 (Tex.1992). Mandamus will not issue absent “compelling circumstances.” 
Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex.1996). To obtain mandamus relief, the relator must
demonstrate a clear abuse of discretion or a violation of a legal duty for which there is no adequate
remedy at law. In re Epic Holdings, Inc., 985 S.W.2d 41, 56 (Tex.1998); Walker v. Packer, supra
at 839-40. A party establishes that no adequate remedy at law exists by showing that he is in real
danger of permanently losing his substantial rights. Canadian Helicopters Limited v. Wittig, 876
S.W.2d 304, 306 (Tex.1994). 
            In this case, both the petition for an accounting and the motion for assignment were filed on
November 5, 2003. The county court denied the motion for assignment on March 1, 2004. It is not
clear what has become of the 2003 petition for accounting, but a previous petition for accounting was
addressed in the district court. 
            Pursuant to TEX. PROB. CODE ANN. § 5(b) (Vernon Supp. 2004-2005), in counties such
as Stonewall County where there is no statutory probate court, no county court at law, and no other
statutory court exercising probate jurisdiction:
[A]ll applications, petitions, and motions regarding probate and administrations shall
be filed and heard in the county court. In contested probate matters, the judge of the
county court may on the judge’s own motion or shall on the motion of any party to
the proceeding, according to the motion: 
 
(1) request the assignment of a statutory probate court judge
to hear the contested portion of the proceeding...; or
 
(2) transfer the contested portion of the proceeding to the
district court, which may then hear the contested matter as if
originally filed in district court. 
However, TEX. PROB. CODE ANN. § 5(b-1) (Vernon Supp. 2004-2005) provides: 
If the judge of the county court has not transferred a contested probate matter
to the district court at the time a party files a motion for assignment of a statutory
probate court judge, the county judge shall grant the motion and may not transfer the
matter to district court unless the party withdraws the motion. (Emphasis added) 
            At the hearing on the motion for assignment in February 2004, the county court recognized
that the contested probate matters, including a will contest and the original petition for accounting,
were before the district court. All of the contested issues in this case had been before the district
court; none had been assigned to a statutory probate court judge. Attached to both the petition for
writ of mandamus and the response thereto is an order dated May 22, 1998. In that order, the county
court had ruled as follows: 
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the
Court that the above captioned cause be transferred to the 39th Judicial District Court
of Stonewall County, Texas, for hearing on such contested issues. 
            Because the county court had transferred the cause to the district court for a hearing on
contested issues, we cannot find that the county court clearly abused its discretion or violated a legal
or ministerial duty by failing to assign a statutory probate court judge to hear the petition for a
subsequent accounting or the motion for assignment itself. See Section 5(b-1); Cf. In re Vorwerk,
6 S.W.3d 781 (Tex.App. - Austin 1999)(granting mandamus relief for failure of county court to
assign a statutory probate court judge to hear a contested probate matter). In contrast to the
circumstances in Vorwerk, contested issues in the probate of Ida Baldwin Denison’s estate had
already been transferred to district court. We do not believe that the language of Section 5(b) or
Section 5(b-1) mandated an assignment of a statutory probate court judge in these circumstances.
Moreover, the goal of judicial efficiency would be frustrated if both the district court judge and a
statutory probate court judge were hearing contested issues involving an accounting of the same
estate. Consequently, relator has not demonstrated that such compelling circumstances exist so as
to make mandamus an appropriate remedy. 
            The petition for writ of mandamus is denied. 
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE 
 
September 16, 2004
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.