IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00402-CV

 

In re
Diana Faye Lewis, Individually

and as
Independent Executrix

of the
Estate of Doris A. Lewis, Deceased,

and as
Trustee of the Doris A. Lewis Living Trust

 

 



Original Proceeding

 



O P I N I O N



 

          This original proceeding arises from a
probate proceeding in Burleson County, a county with no statutory probate court
or county court at law.  Jeffrey Lewis (Jeffrey), the real-party-in-interest
and plaintiff below, filed suit in the constitutional county court, sitting in probate,
against Relator Diana Faye Lewis (Diana), individually and as executrix of the
estate of Doris A. Lewis, deceased.  The probate court transferred the lawsuit
to district court in Burleson County.  Diana seeks a writ of mandamus directing
Respondent, the Honorable Mike Sutherland, presiding judge of the
constitutional county court of Burleson County, to vacate or rescind his order transferring
the lawsuit to district court and to request an assignment of a statutory
probate court judge to hear the lawsuit.

We will grant mandamus relief if there has been
a clear abuse of discretion and the relator has no adequate legal remedy.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).           A
trial court abuses its discretion if “‘it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law’” or if it
clearly fails to correctly analyze or apply the law.  Id. at 839, 840
(quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)).

          The chronology of relevant events is
as follows:

·       
October 24, 2005:  Jeffrey’s
original petition is filed in the probate court.

 

·       
November 2, 2005:  The
county clerk receives, but does not “file,” Diana’s “Motion for Appointment of Statutory
Probate Court Judge Pursuant to Section 5(b) of the Texas Probate Code.”  The
clerk did not file Diana’s motion because it was not accompanied by an alleged $40.00
filing fee.

 

·       
November 3, 2005:  The
county clerk receives and files Jeffrey’s “Motion to Transfer Case to District
Court.”  The probate court signs an order granting Jeffrey’s “Motion to
Transfer Case to District Court.” 

 

·       
November 4, 2005:  The
county clerk receives the $40.00 filing fee from Diana.

 

Because of the clear language in section 5(b-1)
of the Probate Code, the issue before us is whether Diana’s motion was “filed”
on November 2.  Section 5(b-1) provides in part:

If the judge of the county court has not
transferred a contested probate matter to the district court under this section
by the time a party files a motion for assignment of a statutory probate
court judge, the county judge shall grant the motion and may not
transfer the matter to the district court unless the party withdraws the
motion.

 

Tex. Prob. Code Ann. § 5(b-1) (Vernon Supp. 2005) (emphasis added). 
If Diana’s motion was filed on November 2, the probate court could only grant
her motion; it could not transfer the lawsuit to district court.

          Texas courts have repeatedly held that
if a motion for new trial is tendered to the clerk without the filing fee, the
motion is “conditionally filed,” and when the filing fee is paid, the motion is
deemed filed on the day that it was tendered to the clerk for appellate timetable
purposes.  Tate v. E.I. DuPont de Nemours & Co., 934 S.W.3d 83, 84 (Tex. 1996); Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993); Polley v. Odom,
937 S.W.2d 623, 624-26 (Tex. App.—Waco 1997, no writ); see also Garza
v. Garcia, 137 S.W.3d 36, 37-39 (Tex. 2004) (extending rule to cases where
filing fee is never paid).[1]  No
reason exists why the “conditional filing” rule should not apply to Diana’s
motion.[2]  We
hold that Diana’s motion was conditionally filed on November 2, and when the
clerk received the filing fee on November 4, Diana’s motion was deemed filed on
November 2.

          As Jeffrey notes, a court should not,
absent emergency or other rare circumstances, consider a motion until its
filing fee has been paid.  See Garza, 137 S.W.3d at 38; Jamar,
868 S.W.2d at 319 n.3.  Thus, while the probate court should not have
considered Diana’s motion until the filing fee was paid, that does not mean
that it could ignore its conditional filing.  The purpose of the conditional
filing rule is to establish the date on which a document is filed in order to
promote certainty for litigants.  See Garza, 137 S.W.3d at 38.  If a
court could ignore the date on which a conditionally filed document is filed,
the rule would be empty.  In sum, while a court should not consider the
substance of a conditionally filed motion until the filing fee is paid, it
cannot ignore the date of its conditional filing.

          In this case, Diana’s
motion for assignment of a statutory probate court judge was conditionally
filed on November 2, but the probate court could not have granted her motion
until Diana paid the filing fee on November 4.   Under the express language of
section 5(b-1), the probate court could not have granted Jeffrey’s motion on
November 3, to transfer the lawsuit to district court because Diana’s motion
was already conditionally filed.  See Tex.
Prob. Code Ann. § 5(b-1).  With respect to contested probate matters,
section 5(b-1) appears to contemplate a probate court facing competing motions
to transfer to district court and for assignment of a statutory probate court
judge.  See id. (“the county judge . . . shall grant the motion [for
assignment of a statutory probate court judge] and may not transfer the matter
to the district court unless the party withdraws the motion”) (emphasis
added).  In such a situation, section 5(b-1) mandates the result:  the probate
court shall grant the motion for assignment of a statutory probate court
judge and may not transfer the contested matter to district court.  See
id.  Thus, in this case, the probate court abused its discretion by failing
to correctly apply the law.  See In re Vorwerk, 6 S.W.3d 781,
783-84 (Tex. App.—Austin 1999, orig. proceeding) (granting mandamus relief for
failure of county court to assign statutory probate court judge to hear
contested probate matter).   

Diana must also establish that she lacks an
adequate remedy by appeal.  In re Prudential Ins. Co., 148 S.W.3d 124,
135-36 (Tex. 2004) (orig. proceeding).  With the principles set out in Prudential
governing our jurisprudential considerations, we find that Diana lacks an adequate
remedy by appeal of the trial court’s transfer of the lawsuit to district court. 
See id. at 135-39 (no adequate remedy by appeal where trial court
refused to enforce contractual jury waiver); In re AIU Ins. Co., 148
S.W.3d 109, 115-20 (Tex. 2004) (orig. proceeding) (no adequate remedy by appeal
where trial court refused to enforce contractual forum selection clause); Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992) (orig.
proceeding) (no adequate remedy by appeal where trial court refused to enforce
arbitration agreement to which Federal Arbitration Act applied); Vorwerk,
6 S.W.3d at 785 (no adequate remedy by appeal where probate court failed to
grant motion for appointment of statutory probate court judge and instead
transferred matter to district court).  The probate court’s transfer of the
lawsuit to district court deprived Diana of her statutory right to the assignment
of a statutory probate court judge.

          Because Respondent abused his
discretion and Diana has no adequate remedy at law, we grant the petition for
writ of mandamus and order Respondent to vacate his order transferring the
lawsuit to district court and to request an assignment of a statutory probate
court judge.  We are confident that Respondent will comply with our ruling, so
the writ will issue only if Respondent fails to advise this Court in writing
within fourteen days after the date of this opinion that he has vacated the
order transferring the lawsuit to district court and has requested an assignment
of a statutory probate court judge.

 

 

 

                                                                   BILL
VANCE

                                                                   Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting)

Petition
granted and writ conditionally issued

Opinion
delivered and filed March 15, 2006

[OT06]









    [1]       In
Jamar, the supreme court stated that in “a long line of cases, this
court has held that a document is ‘filed’ when it is tendered to the clerk, or
otherwise put under the custody or control of the clerk.”  Jamar, 868
S.W.2d at 319 (citing Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR
Corp., 787 S.W.2d 371, 372 (Tex. 1990); Biffle v. Morton Rubber Indus.,
Inc., 785 S.W.2d 143 (Tex. 1990); Standard Fire Ins. Co. v. LaCoke,
585 S.W.2d 678, 681 (Tex. 1979)).

 





    [2]       Diana
correctly asserts that the clerk’s filing fee schedule does not specifically
provide for a filing fee for a motion such as Diana’s, but because of our
holding, we need not further address that assertion.








to the trunk, neither V.R. nor his mother
knew exactly where Marks was.  There was no evidence that Marks was making
threats or acting aggressively at that time, and he was next to his vehicle
when V.R. picked up the knife.  V.R.’s mother asked Marks to call the police
because V.R. was “a little bit out of control.”  Using the appropriate
standards for legal and factual sufficiency, we find that the evidence was
legally and factually sufficient to reject V.R.’s self-defense theory.  We
overrule issue two.

Conclusion

            We find that the evidence was legally
and factually sufficient for the trial court to have found that V.R. engaged in
delinquent conduct by committing the offense of attempted aggravated assault
and in impliedly rejecting V.R.’s theory of self-defense.  We affirm the
judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed March 10, 2010

[CV06]