In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-18-00433-CV
IN THE INTEREST OF J.R.

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 17-04-04946-CV**

**MEMORANDUM OPINION**

The Department of Family and Protective Services ("the Department") filed a petition to terminate the parental rights of J.R.'s alleged father, J.R.[1] Following a bench trial establishing that Father was residing in Mexico, the trial court granted the Department's petition and terminated Father's parental rights to J.R. Because the record shows that Father was never served with notice of the Department's suit against him, we reverse the trial court's judgment and remand the case for a new trial.

---

[1]Because J.R. and her alleged father, the appellant, have the same initials, we will refer to the appellant as "Father."

1

Procedural Background

In April 2017, the Department filed a petition for termination in a suit affecting the parent-child relationship (SAPCR). In the SAPCR, the Department listed Father as the alleged father of J.R., requested that the trial court determine whether Father is the biological father of J.R., and sought to terminate Father's parental rights. The Department listed "Mexico" as Father's address but noted that the name and location of Father were unknown. The Department requested that "process be served at that address or in Court." The Department maintained that it would make a diligent effort to locate Father and requested service of process if Father's address became known.

The record shows that in May 2017, FINDRS conducted an electronic search at the Department's request, and the FINDRS Diligent Search Report indicated that Father reportedly resides in Mexico but could not be located. The FINDRS Report stated that if the absent parent is a citizen of a foreign country and is believed to be currently residing in their home country, the Department's caseworker must contact the consulate of that country and request assistance in locating the absent parent. In June 2017, the Department filed a motion for substituted service of citation by posting, and the Department attached an affidavit regarding a due diligence search, in which an investigator averred that he had made a good faith effort to locate Father.

The trial court granted the Department's motion for substituted service of citation by posting. In July 2017, the trial court found that Father had been served by citation by posting and appointed Father an attorney. However, the Department subsequently filed various Permanency Reports, in which the Department reported that Father resides in Mexico, his physical address was unknown, and he had not yet been served with service of process. In January 2018, Father's appointed counsel filed a report stating that she had been unable to locate Father.

In March 2018, the Department filed a first amended petition, and in October 2018, the trial court conducted a bench trial, during which the Department maintained that Father had been served by posting. During the trial, Jeff Sermons, a case worker with the Department, testified that the Department requested to serve Father by posting, but Sermons also testified that the Department had located Father's specific address in Mexico and had "sent everything through the [c]onsulate[]" and to Father's appointed counsel. Sermons explained that he had not had any contact with Father, nor had he received a written response from the consulate regarding the information he had forwarded. According to Sermons, the consulate contacted the Department's immigration specialist and advised the Department to contact Juan Aguilar in Dallas, and when Sermons spoke to Aguilar, Aguilar indicated that Father wanted J.R. to be with him. Sermons testified that the

3

Department never attempted to serve Father at the address in Mexico, because the immigration specialist attempted service through the consulate.

After the Department rested, Father's counsel moved for a directed verdict, arguing, among other things, that Father's rights should not be terminated because there was no evidence of "any actual notice[]" despite Sermons's testimony that the Department knew Father's address in Mexico. The Department argued that Father was served by posting and that the Department never received a response from the Mexican Consulate when it tried to establish Father's residence. The trial court denied the motion for a directed verdict and entered an order terminating Father's parental rights to J.R. The trial court issued findings of fact and conclusions of law, in which it found, among other things, that it had jurisdiction over all the parties. Father appealed.

Analysis

In his sixth issue on appeal, Father argues that the trial court erred in entering a final judgment terminating his parental rights because the Department had his correct address in Mexico but never served him with notice. Father further argues that despite the Department's contention that it served him by posting and that it also sent papers to the Mexican consulate, the record contains no return of service. According to Father, the record contains no reference regarding the Department's

4

correspondence with the Mexican consulate or to "what was sent, how it was sent, who it was sent to, or when it was sent." Because there is no proof of service, Father contends that the termination order is not valid. The Department concedes that Father was not properly served and that the judgment terminating Father's parental rights should be reversed.

Jurisdiction is dependent upon citation issued and served in a manner provided by law. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). "'A claim of a defect in service of process challenges the trial court's personal jurisdiction over the defendant.'" *In the Interest of T.M.E.*, __ S.W.3d __, 2018 WL 5810854, at *4 (Tex. App.—Texarkana 2018, no pet.) (not yet released for publication) (quoting *Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.)). Thus, Father's appeal is a direct attack on the trial court's personal jurisdiction. *See id.* "When judgment is rendered on invalid service of process by publication, a party is generally entitled to a new trial." *In the Interest of J.M.*, 387 S.W.3d 865, 870 (Tex. App.—San Antonio 2012, no pet.) (citing *In the Interest of E.R.*, 385 S.W.3d 552, 563 (Tex. 2012)).

Service of process may be effected upon a party in a foreign country if service of the citation and petition is made pursuant to the terms and provisions of any applicable treaty or convention, and proof of service may be made as provided by

the applicable treaty or convention. *See* Tex. R. Civ. P. 108a(1), (2). The Hague Service Convention governs the service of process on a defendant located in Mexico. *In the Interest of J.P.L.*, 359 S.W.3d 695, 705 (Tex. App.—San Antonio 2011, pet. denied). The Hague Service Convention applies in all civil matters in which there is an occasion to transmit a judicial document for service abroad, and its intent is to simplify and expedite international service of process and to ensure that it is adequately effected. *Id.* In all cases in which it applies, the Hague Service Convention preempts any inconsistent methods of service prescribed by Texas law. *In the Interest of T.M.E.*, 2018 WL 5810854, at *5.

Under the Hague Service Convention, service of process upon a person located in Mexico must be made through the Central Authority of Mexico, which is the only way a Mexican national can be served in Mexico with a foreign proceeding. *Compass Bank. v. Katz*, 287 F.R.D. 392, 396-97 (S.D. Tex. 2012). When the Central Authority receives a request for service from another country, it must serve the documents or arrange for service and provide a certificate of service. *In the Interest of T.M.E.*, 2018 WL 5810854, at *5. Mexico has designated the General Direction of Legal Affairs of the Ministry of Foreign Affairs as its Central Authority, and Mexico requires that documents to be served within its border be either in Spanish or accompanied by a corresponding Spanish translation. *Velasco v. Ayala*, 312

6

S.W.3d 783, 794 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Mexico has also filed declarations objecting to all alternative channels of service. *In the Interest of T.M.E.*, 2018 WL 5810854, at *5.

Our review of the record shows that there is no evidence that the Department served the Central Authority of Mexico with its lawsuit against Father or that the Central Authority returned a certificate of service. *See id.*; *see also* Tex. R. Civ. P. 108a(1), (2). Additionally, because Mexico has filed declarations objecting to any alternative channel of service, citation by posting to a defendant who is known to be in Mexico does not comport with the terms of the Hague Service Convention. *See In the Interest of T.M.E.*, 2018 WL 5810854, at *5. We also note that the record does not contain a return of citation by publication showing how and when the citation was executed. *See* Tex. R. Civ. P. 117.

Based on this record, we conclude that Father was never properly served with the Department's lawsuit as required by the Hague Service Convention. *See In the Interest of T.M.E.*, 2018 WL 5810854, at *5. We further conclude that the trial court's order terminating Father's parental rights to J.R. is void because the trial court never acquired personal jurisdiction over Father. *See id.* We sustain issue six. Because issue six is dispositive, we need not address Father's remaining six issues. *See* Tex. R. App. P. 47.1. Accordingly, we reverse that part of the trial court's

judgment terminating Father's parental rights to J.R. and remand the case for a new trial as to Father.[2] *See In the Interest of E.R.*, 385 S.W.3d at 569-70; *In the Interest of J.M.*, 387 S.W.3d at 870; *Velasco*, 312 S.W.3d at 800.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 6, 2019
Opinion Delivered February 28, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2] Upon remand, Father's appearance before the trial court will be presumed and there will be no need for further citation to be issued or served. *See* Tex. R. Civ. P. 123; *Velasco v. Ayala*, 312 S.W.3d 783, 800 (Tex. App.—Houston [1st Dist.] 2009, no pet.).