Tom R. PRESTON, et al., Appellants,

v.

Howard L. PRESTON, et al., Appellees.

No. 9245.

Court of Civil Appeals of Texas, Amarillo.

June 10, 1981.

Rehearing Denied June 24, 1981.

Bird & Bird, Richard D. Bird, Childress, for appellants.

Williams, Broughton, Forbis & McCoy, John T. Forbis, Childress, for appellees.

DODSON, Justice.

This is an appeal from the judgment of the trial court declaring that the last will and testament of Dora Diggs, deceased, did not dispose of any property owned by the decedent at her death and that the decedent died intestate as to her property. The appellants are Tom R. Preston and Mattie Price. The appellees are Howard L. Preston, Dorothy Kate Cox, Leanora Cawthon, Preston V. Stevens, Jack Preston, Raymond Preston and Mary Ruth Soloman. Concluding that the appellants do not present cause for disturbing the judgment, we affirm.

Dora Diggs, a widow, died on or about 5 July 1979. Before her death, she made and executed the following handwritten instrument:

July 17, 1960

To Whom it May Concern.

I want Tom R. Preston and Mattie Price to be the Administrators *to settle my estate.* I have bank stock in the Winters State Bank, Shares in the First Federal Saving Bank. Stock in the (F.I.F.) Financial Industral [*sic*] Fund and my residence and furnishings and my checking account in the First National Bank. A certificate for $1000.00 in the First State Bank. Money on Deposit in the Winters State Bank.

*To be disposed of as they see fit.* (Emphasis added).

Signed Dora Diggs.

On application by the appellants, the county probate court admitted the instrument to probate as the last will and testament of Dora Diggs and appointed the appellants as administrators of the estate. The appellees filed a written contest of the county court's action. On the appellees' motion, the action was transferred to the district court.

The appellees also filed a declaratory judgment action in the district court seeking a construction of the instrument in question. By their action, the appellees sought a determination that the instrument was not dispositive of any property owned by Dora Diggs at her death, that the instrument did not purport to pass title to any property owned by her at death, that the instrument did not make testamentary disposition of any property, and that Dora Diggs died intestate. On the appellees' motion, the two actions were consolidated for trial. The actions were tried by the court without a jury. The parties made and filed written stipulations and offered no testimony. In support of the judgment, the trial court made findings of fact and conclusions of law.

The pertinent stipulations are: (1) that Dora Diggs died on 5 July 1979; (2) that the above-quoted instrument is wholly in the handwriting of Dora Diggs; (3) that Dora Diggs was a layperson and not trained in the law or legal terminology; (4) that no other instrument purporting to be a last

will and testament of Dora Diggs has been found and none is believed to exist; (5) that Tom R. Preston and Mattie Price are the nearest living kin of Dora Diggs, there being no surviving lineal ascendants or descendants; and (6) that there is a dispute among the parties as to the testamentary nature, if any, of the will and as to what property passes and vests under the terms of the will, if any. In addition, the parties stipulated the shares of the estate to be received by the legal heirs under the law of descent and distribution should the trial court find that any of Dora Diggs's property does not pass under the will.

In its findings of fact, the court found: (1) that Dora Diggs intended to name Tom R. Preston and Mattie Price executors of her estate, even though she designated them as "Administrators"; and (2) that she did not intend to dispose of any of the properties of her estate by the instrument in question. In its conclusions of law the court determined (1) that the instrument in question is effective as a will for the sole and only purpose of appointing Tom R. Preston and Mattie Price as executors of the estate of Dora Diggs; and (2) that the instrument in question is not dispositive of any of the properties of the estate of Dora Diggs and that such properties pass to the heirs at law of Dora Diggs, under the laws of descent and distribution of the State of Texas.

By points of error one through three, the appellants maintain that the judgment should be reversed because the court erroneously determined: (1) that the instrument in question was effective as a will for the sole and only purpose of appointing them executors of the estate; (2) that the instrument was not dispositive of any of the properties of the estate of Dora Diggs; and (3) that the properties and estate of Dora Diggs passed under the laws of descent and distribution of the State of Texas.

In support of their positions, the appellants contend that the instrument in question is the last will and testament of Dora Diggs, that the testatrix gave them a general power to dispose of the property listed in the instrument, and that a general power to dispose of personal property vests in the recipients of that power full ownership of the property.

The appellants rely on *Haile v. Holtzclaw*, 414 S.W.2d 916 (Tex.1967). In *Haile*, the Supreme Court construed the following paragraph in a husband's will:

> "*SEVEN* It is my will and desire and I do hereby direct that if I should predecease Irene Haile she shall have the sole management and control and direction of all of my separate estate as well as her separate estate, and that so long as Irene Haile shall live, the royalty income from said property shall be divided as provided in Paragraph Five.... With reference to all other income except royalty income, it is my wish and desire that my beloved wife shall have full right *to expend and dispose* of same should she so desire (emphasis added)."

*Id.* at 920–21. In construing the bequest the court stated:

> Irene was given the full right of disposition of the income. *A general power to dispose of personal property vests in the recipient of that power full ownership.* 61 Tex.Jur.2d 376, Wills, § 242. *This proposition is not, however, a rule of law, but is only an aid in the process of discovering the testator's intent.* 96 C.J.S. Wills § 839b, p. 268. The rule will give way, for example, when a gift over follows the bequest—the implication in that instance being that there was an intention to create a life estate. Here, however, there was no gift over following the bequest of the income, and we therefore hold that by the language in paragraph 7 Irene was the absolute owner of all the income accruing during her lifetime. (Emphasis added).

*Id.* at 924. The Court determined that the testator intended to give Irene absolute ownership of the income accruing during her lifetime because she was given the unlimited power *to expend and dispose* of the income for which there was no gift over. Thus, in effect, the Court concluded that a bequest of expendable income accruing dur-

ing the devisee's lifetime, with an unlimited power by the devisee to expend and dispose of that income for which there was no gift over constitutes full ownership of that income. Yet, the *Haile* court's determination of a will containing language of a testamentary bequest is not controlling of the differently worded will before us.

The appellees contend that the instrument in question fails to make a testamentary disposition of any of the property of the estate of Dora Diggs because the instrument does not express a testamentary intent by Dora Diggs to give, devise, bequeath, pass or otherwise dispose of the listed properties or an estate therein to the "Administrators." It is settled that an instrument is not a will for the purpose of disposing of property unless it is executed with that testamentary intent. *Hinson v. Hinson*, 154 Tex. 561, 280 S.W.2d 731 (1955). As stated in *Hinson*:

> The animus testandi does not depend upon the maker's realization that he is making a will, or upon his designation of the instrument as a will, but upon his intention to create a revocable disposition of his property to take effect after his death. *It is essential, however, that the maker shall have intended to express his testamentary wishes in the particular instrument offered for probate.* (Emphasis added).

*Id.* at 733. It is the duty of the court to construe the instrument from the words used therein. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885, 888 (1960). Thus, the true purpose of its inquiry is to ascertain what the testator expressed by the words used in the instrument. *Id.* at 888. *See also Stewart v. Selder*, 473 S.W.2d 3, 7 (Tex.1971).

In this instance, we have carefully examined the instrument in question in light of the rules established by our Supreme Court and conclude that it literally fails to express a testamentary intent by Dora Diggs to "give", "devise", "bequeath" or in any manner leave or pass title to the listed properties to the "Administrators". A layperson such as Dora Diggs could easily have written "I give", "I bequest", "I dispose of" or other similar language to express a testamentary intent to pass her estate under the instrument. This she did not do and we are not at a liberty to add to or change the instrument in question. The very purpose of requiring wills to be in writing is to enable the testator to place it beyond the power of others, including the courts, to change or add to the will after his death or to show that he intended something different from the expressed language of the will. *Huffman v. Huffman*, 339 S.W.2d at 889. In the absence of expressed language evidencing a testamentary disposition, a writing is not a will for the purpose of disposing of property. *See Hinson v. Hinson*, 280 S.W.2d at 733–34. In ascertaining testamentary intent in this instance, the omitted common and cogent expressions of testamentary disposition are more significant than the expressed language in the instrument.

In summary, the appellants' first, second and third points of error are overruled. Our disposition of these points is dispositive of this appeal. The judgment of the trial court is affirmed.