In the Matter of the ESTATE OF Dora DIGGS, Deceased.

No. 07–86–0054–CV.

Court of Appeals of Texas, Amarillo.

June 30, 1987.

Rehearing Denied July 28, 1987.

682

Bill Spillman, Wellington, for appellant.

David M. McCoy, Childress, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

At issue in this appeal is the efficacy of a judgment, challenged by 50 points of error, which amends the final account filed in, and orders the payment of a proportionate interest of, the estate of Dora Diggs, deceased. For the reasons to be stated, the points will be overruled and the judgment will be affirmed with damages.

The judgment was rendered after a bench trial on two consolidated actions. The first action was brought by ten of the twelve presently adjudicated heirs at law of the deceased—appellees Howard L. Preston, Dorothy Kate Cox, Leonora Cawthon, Preston V. Stevens, Don Preston, Sue Ross, Bobby F. Preston, Raymond Ray Preston, Mary Junea Preston, and Mary Ruth Solomon—to contest the final account filed by Tom R. Preston, executor of the estate of the deceased. The second action was brought by appellees to recover their proportionate interest in the estate allegedly converted by Tom R. Preston, individually and as executor, and by Richard E. Preston and Joe Tom Preston, both individually and as trustees of the Preston-Diggs Reserve Family Fund Trust. By virtue of having issued its surety bond for dutiful performance by the executors,[1] Western Surety Company was named a party-defendant, and cross-actioned for any sums it is required to pay.

By the judgment rendered, the trial court amended the final account to limit attorney's fees to the stipulated $4,660 and the executor's fees and commissions to $3,661.29, plus 5% of the interest earned on the estate's certificates of deposit since November, 1984. Further, the court ordered the executor to pay appellees the sum of $59,650.86 and their proportionate share of interest earned by the estate since November, 1984, decreeing that appellees recover the money from Tom R. Preston, individually and as executor of the estate, from Joe Tom Preston and Richard E. Preston, both individually and as trustees of the trust, and from Western Surety Company. Also, the court decreed that Western Surety Company recover from Tom R. Preston, as executor of the estate, any sums it be required to pay appellees, together with the sum of $900 as attorney's fees. Costs were assessed against the executor and trustees in their individual and representative capacities.

Appellants Tom R. Preston, individually and as executor of the estate, and Joe Tom Preston and Richard E. Preston, individually and as trustees of the trust, perfected this appeal from the judgment. The appeal is the third one resulting from disputes arising in connection with the estate.

The first appeal was taken from the trial court's judgment declaring that a handwritten instrument of Dora Diggs, deceased, is her last will and testament appointing Tom R. Preston and Mattie Price as personal representatives of her estate, but that the instrument makes no disposition of her property which, as a result, passed to and vested in her heirs at law, who the court determined and named. The judgment was affirmed. *Preston v. Preston*, 617 S.W.2d 841 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). In affirming, we rejected the personal representatives' contention that the instrument gave them a general power to dispose of the deceased's property. *Id.* at 843–44.

After our judgment became final, Tom R. Preston, acting as independent executor of the estate, executed a written instrument to create the Preston-Diggs Reserve Family Fund Trust and to appoint Joe Tom Preston and Dick [Richard E.] Preston the trustees thereof. The stated purpose of the trust was to hold in reserve the estate's funds to be given, as determined by the trustees, to a named church, library, museum, and a non-heir at law of the deceased, in not less than stated minimum amounts, and to provide, as the trustees "see fit," for the needs and merits of individual members of the Dora Diggs "Family," including

---

**1.** The executors named are Tom R. Preston and Mattie Price, the latter of whom is not a party to these proceedings. *See* note 2, *infra.* In a filing made subsequent to submission, it is shown that

Tom R. Preston died 1 March 1986. His death does not affect the disposition of this appeal. Tex.R.App.Proc. 9.

the trustees, "whether related by blood, marriage, or understanding."

Thereupon, appellees sought a judicial declaration that Tom R. Preston lacked authority to pay funds from the estate to certain individuals named in the trust instrument, that the estate was ready for disbursement and distribution, and that Tom R. Preston be ordered to file a final accounting. The trial court, upon appropriate determinations, rendered judgment declaring that the executor has no authority to pay estate funds to the non-heir and entities named in the trust instrument, ordering that the executor file his account for final settlement, and decreeing that he make distribution of the estate's assets by a definite date to those heirs at law (or to their heirs, devisees, legatees, or assigns) named in the judgment from which the first appeal was taken.

An appeal, the second one, was taken from the judgment by Tom R. Preston, individually and as executor of the estate. He challenged the judgment by contending, among other things, that under the will of Dora Diggs, deceased, all of her property passed to him and Mattie Price to be disposed of as they see fit, and that he is entitled to dispose of the property as he sees fit.[2] We affirmed the judgment. *Preston v. Preston*, No. 07–82–0387–CV (Tex.App.—Amarillo, Aug. 14, 1984, writ ref'd n.r.e.). In explaining the affirmance in an unpublished opinion, we noted that the executor's contention was, in legal effect, determined against him in *Preston v. Preston, supra*, 617 S.W.2d at 841, wherein we concluded that the will of Dora Diggs, deceased, did not dispose of any of her property, that the property passed under the laws of descent and distribution of the State of Texas, and that Tom R. Preston (and Mattie Price) did not have legal power or authority to dispose of any of the estate property as "they see fit" or in any other manner.

In prosecuting this appeal, appellants present fifty points of error. The first twenty-four points are grouped as alleged errors occurring before judgment, and the last twenty-six points are grouped as alleged errors arising after judgment.

With respect to the prejudgment allegations of errors, the twenty-four points encompass five major areas, *viz.*, complaints concerning the administrative assignment of judges, the trial court's consolidation of the two causes, the court's failure to grant appellants a continuance and a jury trial, and certain actions of the court. The allegations will be addressed in that order.

The present presiding judge of the trial court, having represented appellees prior to his election to the court, recused himself, and Judge Cain, the third in a series of judges administratively assigned to the cause, consolidated the two causes and presided at the trial. In this regard, appellants, without the citation of any authority, first lodge complaints to the lack of notice to them of the assignment of the second judge and the preservation of the record of his assignment. Inasmuch as the judge took no official action in either cause, appellants' points of error in this connection are no more than fatuous complaints.

■ Next, and again without citing any authority, appellants complain that because Judge Cain did not directly notify them of his assignment, he lacked the authority to set a trial date, thereby acting without authority during the trial. The brief response is that Judge Cain was not responsible for giving notification of his assignment. The notification is given, if it is reasonable and practicable and if time permits, by the presiding judge of the administrative judicial region to each attorney representing a party in the cause. Tex. Rev.Civ.Stat.Ann. art. 200a–1, § 4.013(a) (Vernon Supp.1987). At the time the assignment was made, nothing in the files reflected the identity of appellants' trial and present counsel. But beyond that, the record shows that Judge Cain notified the then attorney of record for appellants of the trial date setting more than a month in advance, and appellants' trial counsel knew of the assignment and corresponded with Judge Cain prior to trial. No objection at

---

**2.** According to his presentation, Mattie Price had resigned as an executor of the estate.

all was made to Judge Cain's assignment; consequently, appellants' appellate challenge to Judge Cain's authority comes too late. Art. 200a–1, § 4.013(c), *supra; Thompson v. State Bar of Texas,* 728 S.W.2d 854, 855 (Tex.App.—Dallas 1987, no writ).

Appellants assert in six points of error that the trial court erred in consolidating the two causes for trial. The error occurred, appellants submit without authority, because by his assignment, the trial judge had no authority in the action for conversion and the final account action was not before the court since not all of the heirs had been notified of the filing of the account. The submission is not impressive.

■ The final account was filed more than seven months before trial. Not only are persons interested in an estate admitted to probate charged with notice of the contents of the probate records, *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex.1981), but appellants do not make, nor do we find, a record reference to support their bare assertion · of lack of notice of the filing. Moreover, having been administratively assigned, the trial judge was empowered to consolidate the actions upon appellees' motion therefor. Tex.R.Civ.Proc. 41, 174. The court's consolidation ruling will not be disturbed on appeal except for abuse of discretion. *Allison v. Arkansas Louisiana Gas Co.,* 624 S.W.2d 566, 568 (Tex. 1981). Appellants do not charge the court with an abuse of discretion, and we detect none in the consolidation of the actions involving common questions of fact and law.

■ Appellants utilize eight points of error to contend that the court erred in not granting them a continuance at their request or on its own motion. In so contending, they cite one authority, a Kentucky case, on the subject of adequate preparation. However, it was not the court's responsibility to ascertain that appellants were adequately prepared and, if not, to sua sponte grant a continuance. Rather, if appellants were not adequately prepared as their trial counsel proposed, it was their responsibility to file a motion showing suf-ficient cause, supported by an affidavit, for a continuance. Tex.R.Civ.Proc. 251. They did not do so and, by their failure to meet the procedural requirement, we must presume the court did not abuse its discretion in denying their mere request for a continuance. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986). The presumption gains additional validity from the reality that appellants' lack of adequate preparation was stated only in generalities to the trial court and has not been made more specific on appeal.

■ With one point, appellants, again without citation of authority, fault the trial court for not granting their motion for a jury trial. Although more than a month's notice of the court's nonjury trial setting was given, appellants waited until six days before the trial date to apply for a jury trial. Since appellants admittedly did not apply for a jury trial "not less than ten days in advance" of the date set for trial, as required by Rule 216, Texas Rules of Civil Procedure, the court did not abuse its discretion in denying the application for a jury trial. *Huddle v. Huddle,* 696 S.W.2d 895 (Tex.1985).

By the remainder of their first twenty-four points of error, appellants charge the trial court with sundry errors such as: accepting for pretrial study an incomplete copy of the final account; failing to preserve of record the complete copy of the final account and an exhibit to their response in the former summary judgment proceeding; accepting a part of the final account as an exhibit; and failing to preserve the judgment rendered by this Court in our cause no. 07–82–0387–CV. So far as we are able to discover from appellants' presentation without even the semblance of authority, they do not represent that any of these matters bear upon the judgment rendered. Although it did not escape notice that the part of the account accepted as an exhibit, for which appellants condemn the court, was admitted upon appellants' counsel's affirmative declaration of no objection, it is not our duty to independently research the record to see if the points have merit; we are only required to pass

on the merits of the points in the light of the statements made thereunder. *Saldana v. Garcia,* 155 Tex. 242, 285 S.W.2d 197, 200–01 (1955). Then, as the points are presented, they are immaterial to the controlling issues in the consolidated cause, which mandates their overruling. *Reed v. Buck,* 370 S.W.2d 867, 874 (Tex.1963).

Whether specifically mentioned or not, we have reviewed every facet of each of the first twenty-four points of error, and we conclude that by the points, considered singularly and collectively, appellants do not present a reason to disturb the judgment rendered. The points are overruled.

■ Appellants group their remaining twenty-six points of error as errors arising after the judgment. At the threshold of their consideration, we notice that the forty-ninth point is their complaint about the court's decree of Western Surety Company's liability. The point is unavailing, for appellants lack standing to complain of error which affects the rights of Western Surety Company, a nonappealing party. *Buckholts Independent School Dist. v. Glaser,* 632 S.W.2d 146, 150 (Tex.1982).

Seven of the points are used to present appellants' central contention that the court erred in not declaring that the will of Dora Diggs, deceased, empowered the appointed administrators, and particularly Tom R. Preston as executor, to dispose of the estate as they might direct. The points are without merit.

■ In the former appeals, it was determined and reiterated, as noted in the forepart of this opinion, that the deceased's hand-written instrument did not dispose of any of her property, that her property passed to and vested in the deceased's heirs at law under this State's laws of descent and distribution, and that the named administrators, Tom R. Preston and Mattie Price, had no legal power or authority to dispose of the estate property as "they see fit" or in any other manner. Our appellate decisions determined the question of the legal effect of the instrument, thereby becoming the "law of the case" to govern throughout the subsequent stages, including another trial and an appeal. *Trevino v. Turcotte,*

564 S.W.2d 682, 685 (Tex.1978). Thus, the question of the disposition of the estate has not been open to debate since our judgment in the first appeal became final; the only question is whether the disposition ordered by the trial court is subject to the challenges appellants make. *Wall v. Wall,* 143 Tex. 418, 186 S.W.2d 57, 58 (1945).

In this respect, appellants employ the rest of their points of error to challenge the trial court's judgment of distribution and some of the factual findings the court made in support of its judgment. The points are directed to the lack of evidential support of the court's adjudications of the value of the estate, the amount to be distributed to appellees, the amounts allowed for executor's commissions and attorney's fees, as well as for individual items involved in the calculations.

As we view appellant's points in the light of the arguments thereunder and in the absence of any cited authority to mark their nature, we conclude that appellants are proposing that either the evidence is legally insufficient to support a particular finding by the court or the evidence establishes a different amount as a matter of law. As such, the points are "no evidence" points. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361, 362–64 (1960). In deciding the merits of such points, we must consider only the evidence and the inferences tending to support the trial court's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

■ It will not profit to report the arithmetical figures and calculations, for under the standard of review, it suffices to record that the final account itself, the stipulations before the court, and the testimony of Howard L. Preston, one of the appellees who was licensed in public accounting and had conducted audits, together with his work sheets of accounting, which were admitted into evidence, provide evidence of probative force supporting the court's material factual findings. The court was entitled to give credibility to Preston's evidence

in arriving at its findings, albeit there was some conflicting evidence of record on a few of the items of account. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex. 1986). Given this evidence of probative force, appellants' "no evidence" and "matter of law" points must be overruled. *Holley v. Watts,* 629 S.W.2d 694, 696–97 (Tex. 1982).

Again, whether specifically mentioned or not, we have considered every facet of the last twenty-six points of error. And again, we conclude that by these points, considered singularly and collectively, appellants do not present a reason to disturb the judgment rendered. The points are overruled which, with the previous overruling of the first twenty-four points, dictate an affirmance of the trial court's judgment.

There is, however, one other matter that demands our attention. It is quickly obvious that appellees' contest of the final account and action for conversion were necessitated by appellants' refusal to accept our decisions on the two prior appeals as the law of the case, a refusal upon which the present appeal is founded. Indeed, the refusal is expressly confirmed by Joe Tom Preston, one of the appellants who assisted the executor with estate matters, when he testified, upon being asked about the prior opinion of this Court, that

> an opinion of a Court ... does not amount to a judgment; it does not amount to a decision.
>
> \*    \*    \*    \*    \*    \*
>
> Now ... that statement you just read [this Court's previous declaration of the legal effect of the deceased's handwritten instrument], which is very impressive, but, nevertheless, is obviously and on the surface of it, untrue of itself.
>
> \*    \*    \*    \*    \*    \*
>
> Now, the overstatement, based on error, in an opinion is not a decision. It does not have a force of law, and it is not law....[3]

This expressed refusal by appellants to accept this Court's judgments on the decisive

question of law not only necessitated the actions underlying the present appeal, but prompted the appeal itself.

In pursuing the appeal, appellants filed a 185–page brief, which did not comply with the format required by the briefing rules, together with appendix A containing copies of appellate decisions from other states and their 75–page trial court brief, and appendix B containing 294 pages of correspondence and court documents pertaining to the estate. When appellants filed their brief, they did not request oral argument, thereby waiving their right to oral argument. Tex.R.App.Proc. 75(f). Then, subsequent to submission of the appeal on the briefs, appellants filed a 40–page motion, accompanied by 51 pages of exhibits, requesting this Court to direct counsel to present postsubmission oral argument, and presenting the argument appellants would have made but for their waiver. In addition, appellants have filed, during the pendency of the appeal, four motions, totalling 145 pages with 106 pages of attachments, concerning the matters of execution on the judgment and the appeal and supersedeas bonds required in the cause.

■ Appellants' conscious refusal to abide by the settled law of the case leads to no other determination than that this appeal was taken for delay and without sufficient cause, and required unnecessary judicial time in considering the multitudinous filings that would have been better spent on meritorious appeals to resolve unsettled questions of law. Tex.R.App.Proc. 84; *Bullock v. Sage Energy Co.,* 728 S.W.2d 465, 468–69 (Tex.App.—Austin 1987, writ requested); *Charter Oak Fire Insurance Company v. Adams,* 488 S.W.2d 548, 550–51 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). The determination warrants, as a part of the judgment of affirmance, an award to appellees of ten percent of the amount they recovered from appellants by the trial court's judgment. Tex.R.App. Proc. 84.

Accordingly, the judgment of the trial court is affirmed and, as a part of the

---

**3.** Since appellants regard our judgmental opinions as not declaring the law, it is passingly strange that they now seek our judgmental opinion validating their position.

judgment of affirmance, appellees shall have and recover from appellants, jointly and severally, the additional sum of $5,965 as damages, to be paid to appellees in proportion to their adjudicated interest in the estate of Dora Diggs, deceased.