In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-466 CV


____________________



IN THE ESTATE OF LUCY PUGH MARTIN






On Appeal from the County Court of Jefferson County at Law No. 1


Jefferson County, Texas


Trial Cause No. 86016






MEMORANDUM OPINION


 Lawrence Norman appeals a summary judgment granted in favor of Willie Pearl Davis
in this will contest proceeding. The trial court held the document offered by Norman did not
operate as a will because it lacked testamentary intent. In three issues presented, Norman
argues there is a genuine issue of material fact regarding testamentary intent, it was error for
the trial court to remove the issue of testamentary intent from the jury, and the second will
was properly attested. We reverse and remand for further proceedings.

 Lucy Pugh Martin, the testatrix, executed a will dated December 5, 1994, by which
she gave, devised, and bequeathed her entire estate to Davis, her niece, and appointed Davis
as executor. After the will was admitted to probate, Norman filed an application to set aside
the trial court's probate order, alleging a will dated May 21, 2003 revoked the December 5,
1994 will. Norman submitted a document entitled "A LIVING WILL" that read:

 This is to advise you that I, Lucy P Martin, have executed a Living Will
in which I have expressed my wishes to die with dignity should I become
terminally and mentally and/or physically incapable of providing to
discontinue medical care.

 

 I wish my loved ones to avoid the agony of seeing me linger near death. 
I also want to eliminate unnecessary medial expense so my heirs can benefit
from my estate.

 

 I request that you honor my Living Will as best you can according to
your own medical and professional ethics, the laws of the State of Texas,
County of Jefferson, and your best judgment in cooperation with those I have
designated to make the decision to terminate care as named below:

 

 A. I give, devise and bequeath my Antique Bedroom Set . . . to
A.J. Moore and Mary Moore . . . .


 B. I give, devise and bequeath my real property, the apartment
house (a duplex) . . . and the rest of my furniture and appliances
to Lawrence Norman . . ..


 C. I give, devise and bequeath my 24 Karat gold Dish set, and
my home . . . the garage apartment (one unit) . . . to Lawrence
Norman. . . .

 

 THIS IS A NEW AND REVISED WILL THAT WILL REPLACE
ANY OTHER WILL DATED BEFORE THIS DATE OF MAY 21, 2003. 

The document was signed by Martin, by Beverly and Dana Molo as witnesses, and a notary
public. 

 Davis filed a motion for traditional summary judgment alleging the May 21, 2003
document lacked testamentary intent because the document constituted an advance directive
under sections 166.002(1)(A) and 166.031(1) of the Health and Safety Code. See Tex.
Health & Safety Code Ann. § 166.002(1)(A), 166.031(1) (Vernon 2001). Davis also
alleged the document lacked the attestation of two credible witnesses. In response, Norman
argued the language used in the document to "give, devise and bequeath" indicated Martin
intended to make specific bequeaths of property and the document stated it was a new and
revised will that replaced any other will. Norman submitted evidence through the affidavit
of one of the witnesses which recites that Martin declared the document to be her will and
both witnesses signed the document in Martin's presence. The trial court granted the motion
for summary judgment, expressly finding that the May 21, 2003 document lacked
testamentary intent. 

 We first determine whether we have jurisdiction to review this appeal. Davis
contends Norman failed to perfect his appeal because he filed a motion for new trial on July
29, 2005 and the notice of appeal was filed on October 20, 2005, more than ninety days after
the summary judgment was signed. See Tex. R. App. P. 26.1(a)(1). Davis further argues
Norman is not entitled to an extension of time to file his notice of appeal because he did not
request the extension within fifteen days after the deadline for filing the notice of appeal. See
Tex. R. App. P. 26.3(a). Davis contends this Court's October 10, 2005 order issued in
response to Hurricane Rita did not extend Norman's deadline for filing a timely notice of
appeal in the trial court. We have previously resolved this particular issue. On February 9,
2006, we issued an order in this case extending the time in which Norman could file a motion
for extension of time to file notice of appeal and his notice of appeal. We also deemed the
notice of appeal timely filed. Davis has not persuaded this Court to vacate our order. We
have jurisdiction to decide this appeal.

 Next, we determine whether the trial court erred in granting summary judgment based
upon lack of testamentary intent. We review the trial court's grant of summary judgment de
novo. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003) (citing
FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000)). In reviewing
the trial court's grant of a traditional motion for summary judgment, we must determine
whether the movant carried its burden to establish that there existed no genuine issue of
material fact and that it was entitled to judgment as a matter of law. Shah v. Moss, 67
S.W.3d 836, 842 (Tex. 2001) (citing Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991)). All evidence favorable to the non-movant must be taken as true, and we indulge
every reasonable inference and resolve any doubts in the non-movant's favor. Knott, 128
S.W.3d at 215 (citing Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002)). 

 Section 59 of the Texas Probate Code states a will must (1) be in writing, (2) signed
by the testator in person, (3) and if not wholly in the handwriting of the testator, be attested
by two or more credible witnesses above the age of fourteen years who shall subscribe their
names thereto in their own handwriting in the testator's presence. Tex. Prob. Code Ann.
§ 59 (Vernon 2003). To be effective as a will, the document must be executed with
testamentary intent. In re Estate of Graham, 69 S.W.3d 598, 608 (Tex. App.--Corpus Christi
2001, no pet.) (citing Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731, 733 (1955)). 
"Testamentary intent 'does not depend upon the maker's realization that he is making a will,
or upon his designation of the instrument as a will, but upon his intention to create a
revocable disposition of his property to take effect after his death.'" In re Estate of Schiwetz,
102 S.W.3d 355, 363 (Tex. App.--Corpus Christi 2003, pet. denied) (quoting Hinson, 280
S.W.2d at 733). In order for an instrument to possess the requisite testamentary intent, the
testator must have intended that the very document at issue be the instrument that actually
makes the disposition of the testator's estate. Graham, 69 S.W.3d at 608 (citing Hinson, 280
S.W.2d at 735-36). 

 In determining the testator's intent, we look to the language within the four corners
of the instrument. Henderson v. Parker, 728 S.W.2d 768, 770 (Tex. 1987) (citing Shriner's
Hosp. for Crippled Children of Texas v. Stahl, 610 S.W.2d 147, 151 (Tex. 1980)). If the
testator's intent can be ascertained from the language of the instrument, any particular
paragraph which standing alone would indicate a different intention must yield to the
intention manifested by the whole instrument. Pine v. Salzer, 824 S.W.2d 779, 782 (Tex.
App.--Houston [1st Dist.] 1992, no writ) (citing Leopold v. Sochat, 303 S.W.2d 840, 843
(Tex. Civ. App.--Fort Worth 1957, writ ref'd n.r.e.)).

 Davis contends the document entitled "A Living Will" is an advance directive
regarding end of life medical care. However, a complete review of the document indicates
Martin may have intended to execute her instructions regarding the disposition of certain
property after her death. Davis argues the document merely expresses an intent to dispose
of property. See Graham, 69 S.W.3d at 608 (citing Hinson, 280 S.W.2d at 735-36) ("A
document that merely evidences an intention to dispose of the property is not a will."). The
document states, "I give, devise and bequeath" various property to A.J. Moore, Mary Moore,
and Lawrence Norman. The words "give, devise and bequeath," are generally used to
express testamentary intent. See Rekdahl v. Long, 417 S.W.2d 387, 394 (Tex. 1967) (the
words give, bequeath, and devise are words of gift); see also Preston v. Preston, 617 S.W.2d
841, 844 (Tex. Civ. App.--Amarillo 1981, writ ref'd n.r.e.) (the words give, devise, and
bequeath are an expression of testamentary intent). The presence of these words raises a fact
issue as to whether Martin intended to create a testamentary disposition of the property listed. 
The document also provides, "THIS IS A NEW AND REVISED WILL THAT WILL
REPLACE ANY OTHER WILL DATED BEFORE THIS DATE[,]" which appears to
indicate an intent that this document operate as a will. This language expresses more than
an intent to dispose of property; it expresses an intent to create a revocable disposition of the
listed property to take effect after Martin's death. 

 Other summary judgment evidence on the issue of testamentary intent includes the
affidavit of Beverly Molo stating that Martin knew the document was a will and would
replace any existing wills. Martin requested that Beverly find someone to type her will and
provided Beverly with handwritten instructions. Beverly gave the instructions to the notary
public, who typed the instructions. Beverly further explained that she, Dana Molo, and the
notary public went to Martin's home where they all signed the document in Martin's
presence. Beverly further recalled Martin stating she wanted Norman to have the items
indicated in the document and did not want to give the property to her niece. We hold there
is sufficient summary judgment evidence raising a fact issue regarding testamentary intent
to preclude the summary judgment. Davis failed to establish she was entitled to judgment
as a matter of law. Issue one is sustained. We reverse the judgment and remand to the trial
court for further proceedings.

 REVERSED AND REMANDED.


 __________________________________

 CHARLES KREGER

 Justice

Submitted March 2, 2006

Opinion Delivered June 29, 2006



Before Gaultney, Kreger and Horton, JJ.