Opinion issued March 22, 2007



 












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00706-CV






ORA DEVEREAUX, Appellant


V.


HARRIS COUNTY HOSPITAL DISTRICT, Appellees






On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2004-52444






MEMORANDUM OPINION

 Appellant, Ora Devereaux, appeals the trial court's dismissal with prejudice of
her causes of action for breach of contract and negligence against appellee, Harris
County Hospital District. After determining that Devereaux's claims were for health
care liability as defined by the Medical Liability and Insurance Improvement Act (the
Medical Liability Act), the trial court dismissed Devereaux's lawsuit due to her
failure to file the required expert report. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 74.001(13) (Vernon 2005), 74.351 (Vernon Supp. 2006). In two issues,
Devereaux contends that the trial court erred by denying her motion for continuance
and by applying the Medical Liability Act to her claims. We conclude that the trial
court properly dismissed the lawsuit pursuant to the Medical Liability Act because
Devereaux's claims are health care liability claims that required her to file an expert
report, which she did not file. We affirm.

Background

 On September 23, 2004, Devereaux, a paraplegic, filed an original petition
asserting claims of breach of contract and negligence against Harris County Hospital
District "and Several employees of Ben Taub Hospital's Nuclear Medicine Facility." 
The petition alleged that after the completion of a medical examination at Ben Taub
Hospital, Devereaux "was not assisted properly" into her wheelchair by hospital
employees, who "tried to lift her down from the bed with the help of a stool." 
Devereaux asserts that she was injured when she fell off the stool and that the injury
was the result of the hospital "recklessly ignor[ing]" her need for a "stretcher and
additional attendants." Devereaux alleged claims for breach of contract against the
"defendant"; for negligence against the hospital employees, which she extends to the
Hospital District under a respondeat superior theory; and for negligent hiring against
the Hospital District.

 In March 2005, the Hospital District moved under the Medical Liability Act
to dismiss Devereaux's claims with prejudice by asserting that the claims were health
care liability claims that "directly relate[d] to the provision of medical treatment and
whether appropriate care was rendered by Defendant or its employees." The Hospital
District contended that the Medical Liability Act required the trial court to dismiss
Devereaux's lawsuit due to her failure to file the expert report required by statute. On
April 15, 2005, Devereaux responded, stating that "the cause of action filed was not
a Health care liability claim as the medical care was not in question; however the
employees negligent use of the Defendant's personal property caused and contributed
to Plaintiff's injuries."

 That same day, Devereaux filed an "Emergency Motion for Continuance" that
stated that her attorney was ill due to a "medical emergency and surgery she had on
March 30, 2005," and that her attorney could "not properly respond to Defendant's
Motion to Dismiss hearing on this date." Attached to the motion were an affidavit
from Devereaux's attorney, Boma Allison, and a note from a physician which stated,
"To whom it may Concern, Please excuse Mrs. Boma Allison from work on days
3/15/05 to 4/30/05 due to medical reasons."

 The trial court denied the Hospital District's motion to dismiss on April 15, and
ten days later, on April 25, the Hospital District filed a motion for the trial court to
reconsider the denial of the motion to dismiss. The trial court, on May 6, ruled in
favor of the Hospital District. The trial court's ruling that granted the Hospital
District's motion included a handwritten notation on the judgment that stated that
"[u]pon review of [Devereaux's] pleadings, in light most favorable to [Devereaux],
the claims are not for negligence arising from the 'stool' but from failure of [the
Hospital District] to select an appropriate method of transfer--this is a healthcare
liability claim." 

 Devereaux, who had not responded to the April 25 motion and who did not
appear on May 6, filed a motion for new trial on May 23. Devereaux's motion for
new trial complained that the May 6 setting (1) "did not give plaintiff appropriate
time for a valid response," (2) violated the Texas Rules of Civil Procedure as well as
the local rules of court, and (3) "did not allow sufficient time to respond . . . [because]
Plaintiff's counsel was still ill and under medical care due to surgery and
complications from surgery as of May 06, 2005 as evidenced by the attached medical
work excuse from the treating doctor." Attached to the motion for new trial was an
affidavit from Allison that averred that "Plaintiff's attorney was still ill due to serious
medical problems and surgery,"an excuse from a physician for Allison stating that she
should be excused from work May 1 to 25, and an excuse from the same physician
for the prior dates of March 15 to April 30. The trial court denied Devereaux's
motion for new trial on June 3, 2005.

Health Care Liability Claim

 In Devereaux's second issue, she contends that the trial court erred by
dismissing her cause of action for failure to file an expert report because she does not
assert a health care liability claim. Devereaux does not dispute that she failed to file
the expert report. Her challenge asserts only that at the time of her injury the
hospital's medical treatment was already completed and that her claims do not require
specialized medical knowledge because her claims merely involve the "lifting of a
patient safely into her wheelchair."

 We review a trial court's decision to dismiss a suit under the Medical Liability
Act for an abuse of discretion. Am. Transitional Care v. Palacios, 46 S.W.3d 873,
875 (Tex. 2001). However, to the extent resolution of this issue requires
interpretation of the statute itself, we review under a de novo standard. Ponce v. El
Paso Healthcare Sys., Ltd., 55 S.W.3d 34, 36 (Tex. App.--El Paso 2001, pet. denied)
(citing Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989)). Health care
liability claims are governed by the Medical Liability Act. Tex. Civ. Prac. & Rem.
Code Ann. § 74.001-.507 (Vernon 2005 & Supp. 2006). The legislature has
provided the following definitions pertinent to our case: 

"Health care liability claim" means a cause of action
against a health care provider or physician for treatment,
lack of treatment, or other claimed departure from accepted
standards of medical care, or health care, or safety or
professional or administrative services directly related to
health care, which proximately results in injury to or death
of a claimant, whether the claimant's claim or cause of
action sounds in tort or contract.


"Health care" means any act or treatment performed or
furnished, or that should have been performed or furnished,
by any health care provider for, to, or on behalf of a patient
during the patient's medical care, treatment, or
confinement.


"Health care provider" means any person, partnership,
professional association, corporation, facility, or institution
duly licensed, certified, registered, or chartered by the State
of Texas to provide health care, including:


 . . .


 (vii) a health care institution.


The term includes:


 (i) an officer, director, shareholder, member, partner,
manager, owner, or affiliate of a health care provider
or physician; and


 (ii) an employee, independent contractor, or agent of
a health care provider or physician acting in the
course and scope of the employment or contractual
relationship.


Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(13), (a)(10), (a)(12) (Vernon
2005). 

 A plaintiff asserting a health care liability claim must, within 120 days of filing
an original petition, provide an expert's report to the health care providers against
whom liability is asserted. Id. § 74.351(a). (1) If the plaintiff fails to provide an expert
report, the trial court must, on the motion of the affected health care provider, dismiss
the plaintiff's claim with prejudice, and award attorney's fees to the affected provider. 
Id. § 74.351(b).

 A cause of action alleges a departure from accepted standards of medical or
health care if the act or omission complained of is an inseparable part of the rendition
of medical services. Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 848
(Tex. 2005). "To determine whether a cause of action is a health care liability claim
. . . , we examine the underlying nature of the claim and are not bound by the form of
the pleading." Id. at 847. In other words, a claimant cannot escape the Legislature's
statutory scheme by artful pleading. Murphy v. Russell, 167 S.W.3d 835, 838 (Tex.
2005). The necessity of expert testimony from a medical or health care professional
to prove a claim may also be an important factor in determining whether a cause of
action is an inseparable part of the rendition of medical or health care services.
Diversicare, 185 S.W.3d at 848.

 Devereaux's causes of action are, in their underlying nature, health care
liability claims. In her original petition, Devereaux alleges in her statement of facts
that

she was transferred from her wheelchair, with the aid of a
stretcher and the assistance of several attendants onto a
bed, where her examination was concluded.

 However, upon conclusion, she was not assisted
properly back in to her wheelchair. Instead of seeking
assistance and using a stretcher or pulley system for the
transfer, employees in the facility tried to lift her down
from the bed with the help of a stool. However, Ms.
Devereaux fell off the stool, as she has no real use of her
legs. Mrs. Devereaux's pleas that an alternative
equipment, namely the stretcher and additional attendants
be provided were recklessly ignored.


 Devereaux's pleadings for breach of contract, (2) for negligence by the Hospital
District's employees, (3) and for negligence by the hospital (4) assert that the Hospital
District or its employees:

 failed to provide a reasonably safe environment,


 failed to properly hire and train employees to
conduct her medical examination and proper
procedure,


 failed to provide adequate equipment,


 failed to use proper procedure for transferring her
from the bed to the wheelchair, and


 knew or should have known that their use of the
stool to transfer a paraplegic was careless,
unreasonable and reckless.


These claims are for breaches of the standard of care for a health care provider. See
Diversicare, 185 S.W.3d at 849. The essence of Devereaux's claim is that the
Hospital District and its employees failed to move her safely from the examining table
into her wheelchair after the medical examination was complete, which is inseparable
from the health care provided to her. See id. The duties that Devereaux claims were
breached were by the hospital employees who move paraplegic patients from
examining tables. 

 We also note that expert testimony is necessary to prove the alleged lapses in
professional judgment and treatment. See id. at 851. "It is not within the common
knowledge of the general public to determine the ability of patients in weakened
conditions to protect themselves." Id. (construing need for expert testimony to
establish standard of care for patient sexually assaulted by another patient). We
conclude that it is not within the common knowledge of the general public to
determine the appropriate procedures for moving a paraplegic patient from an
examining table to a wheelchair, and that expert testimony is necessary to establish
the standard of care.

 We note further that the definition of "health care liability claim" includes
"departure from accepted standards of . . . safety." Tex. Civ. Prac. & Rem. Code
Ann. § 74.001(a)(13). The supreme court has found that the legislature's inclusion
of "claims based on breaches of accepted standards of 'safety' expands the scope of
the statute beyond what it would be if it only covered medical and health care." 
Diversicare, 185 S.W.3d at 855. Devereaux's claims include allegations that the
Hospital District and its employees provided an unsafe environment, which is
specifically included in the definition of health care liability claim. See id.

 We conclude that Devereaux's claims that the Hospital District failed to
provide proper procedures for transferring her from the examining table to her
wheelchair are covered by the broad definition of health care liability claims in the
Medical Liability Act. See id. Devereaux was therefore obligated to serve an expert
report on the Hospital District. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). 
We hold that because Devereaux failed to file the required expert report, the trial
court did not err by dismissing Devereaux's claims. We overrule Devereaux's second
point of error.

Motion for Continuance

 Devereaux contends in her first issue that the trial court improperly denied her
motion for continuance, thus denying her the representation of counsel at a hearing
on the Hospital District's motion to reconsider and motion to dismiss.

 In civil cases in which the absence of counsel has been urged as grounds for
a continuance or new trial, courts have required a showing that the failure to be
represented at trial was not due to the party's own fault or negligence. State v. Crank,
666 S.W.2d 91, 94 (Tex. 1984). Further, "[t]his Court will not disturb a trial court's
order denying a motion for continuance unless the trial court has committed a clear
abuse of discretion." BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800
(Tex. 2002). A trial court "abuses its discretion when it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law." Id.
(quoting Johnson v. Fourth Ct. App., 700 S.W.2d 916, 917 (Tex. 1985)). 

1. April 15

 Devereaux's motion for continuance, which she filed on April 15, refers only
to a purported hearing on that same day on the Hospital District's first motion to
dismiss. Specifically, the motion states,

 This case is set for Defendant's Motion to Dismiss
hearing on April 15, 2005. This is the first hearing on
Defendant's Motion to Dismiss, and the first request for
continuance.


 . . .


 Plaintiff requests for additional time because BOMA
O. ALLISON, ESQ., Plaintiff's attorney is still ill and
delicate, as a consequence of the medical emergency and
surgery she had on March 30, 2005 and can not properly
respond to Defendant's Motion to Dismiss hearing on this
date. Counsel attaches her doctor's work excuse.


Additionally, the affidavit of Devereaux's attorney states,


 I am unavailable for Defendant's Motion to Dismiss
hearing on April 15, 2005 because BOMA ALLISON,
ESQ. attorney is still ill and delicate, as a consequence of
the medical emergency and surgery on March 30, 2005.


According to Devereaux's appellate brief, "there was a hearing on April 15, 2005,
which Appellant;s [sic] attorney managed to attend." Assuming that the trial court
denied the motion for continuance for April 15, the trial court ruled in favor of
Devereaux on that date by denying the Hospital District's motion to dismiss, (5) and
Devereaux cannot show that the trial court abused its discretion by not continuing the
case. See id.

2. April 25

 On April 25, the Hospital District filed a motion for reconsideration of the trial
court's refusal to dismiss Devereaux's lawsuit. The motion did not include a request
for a hearing. In the statement of facts in her brief, Devereaux contends that her
motion for continuance pertained to the Hospital District's April 25 motion. 
However, the only motion for continuance in the appellate record is stamped by the
Harris County clerk as filed on April 15. But on April 15, the Hospital District's
motion for reconsideration did not exist; it was filed 10 days later on April 25. 
Neither Devereaux nor her attorney appeared on April 25, nor did they file a motion
for continuance of any hearing that might relate to the April 25 motion for
reconsideration filed by the Hospital District, nor did they at any time file any
response to the Hospital District's April 25 motion.

3. May 6

 The final judgment, which Devereaux now appeals, was rendered by the trial
court on May 6. Devereaux did not file any motion for continuance for any date other
than April 15. No motion for continance was filed that related to the motion to
dismiss that was granted by the trial court on May 6. An appellant must request a
continuance in the manner described in the Rules of Civil Procedure. See, e.g.,
Ellason v. Ellason, 162 S.W.3d 883, 886-87 (Tex. App.--Dallas 2005, no pet.) (oral
request for continuance insufficient); In re Estate of Diggs, 733 S.W.2d 681, 685
(Tex. App.--Amarillo 1987, writ denied) (when appellants fail to file continuance,
court of appeals presumes no abuse of discretion); see also Tex. R. Civ. P. 251-53. 
By failing to even request a motion for continuance for April 25 or May 6, Devereaux
cannot now complain about the trial court's failure to reset the case from those dates. 
We overrule Devereaux's first issue.


 Conclusion


 We affirm the judgment of the trial court.






 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.
1. The statute states,


In a health care liability claim, a claimant shall, not later than the
120th day after the date the original petition was filed, serve on
each party or the party's attorney one or more expert reports,
with a curriculum vitae of each expert listed in the report for
each physician or health care provider against whom a liability
claim is asserted. The date for serving the report may be
extended by written agreement of the affected parties. Each
defendant physician or health care provider whose conduct is
implicated in a report must file and serve any objection to the
sufficiency of the report not later than the 21st day after the date
it was served, failing which all objections are waived.

 

 Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2006). The statute
further defines an "expert report" as


a written report by an expert that provides a fair summary of the
expert's opinions as of the date of the report regarding applicable
standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards,
and the causal relationship between that failure and the injury,
harm, or damages claimed.


 Id. § 74.351(r)(6).
2. Devereaux's claim for breach of contract contends that the Hospital District
"contracted to provide [her] with a reasonably safe environment and properly trained
employees to conduct her medical examination in the hospital . . . . [T]he Defendant
breached the contract by not providing a safe place and properly trained employees
to conduct her medical examination."
3. Devereaux alleges that the Hospital District's employees were negligent,


A. In that Defendant employees failed to utilize proper
equipment to provide a reasonably safe environment for
Plaintiff to complete her medical examination;

B. In that Defendants failed to ensure Plaintiff's safety by
utilizing the same procedure implemented to transfer
Plaintiff to the bed, when the reverse was necessary;

C. In that Defendants knew or should have known that their
use of the stool to transfer a paraplegic was essentially
careless, unreasonable and reckless[; and]

D. In that Defendants were aware of the recklessness of
their actions and proceeded to do same.


 She alleges that the Hospital District should be held liable for the conduct of its
employees under respondeat superior. 
4. Devereaux alleges that the Hospital District was negligent, in that


A. Defendant failed to provide proper training to the
employees in the Nuclear Medicine Facility;

B. Defendant failed to provide necessary and proper
procedures;

C. Defendant failed to provide adequate equipment to effect
a reasonable and safe transfer of patients;

D. Defendant failed to hire competent employees to provide
Plaintiff with a safe environment for her medical
examination.
5. Although the medical excuse filed with the motion to continue asked that Devereaux's
attorney be excused "on days 3/15/05 to 4/30/05 due to medical reasons," the motion
and affidavit on their faces apply only to the April 15 hearing.